UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MANN et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>    Defendants. | Case No. 3:11-cv-0708-GPC-BGS<br><br>**ORDER DENYING DEFENDANTS' EX PARTE REQUEST TO FILE A SECOND SUMMARY JUDGMENT MOTION ON THE ISSUE OF THE POLINSKY MEDICAL EXAMS**<br><br>**(ECF NO. 135)** |

On August 8, 2013, the Court issued its order on the parties' cross-motions for summary judgment ("Summary Judgment Order"). (ECF No. 102.) In the Summary Judgment Order, the Court considered whether Defendants are entitled to qualified immunity on the issue of whether the medical examinations conducted at Polinsky Children's Center ("Polinsky") violated Plaintiffs' civil rights. (Id. at 22.) In the first part of the qualified-immunity analysis, the Court found disputes of material fact with regard to whether the examinations (including the policy of excluding non-parents from the examination) violated Plaintiffs' civil rights. (Id. at 24-25.)

More specifically, the Court found disputes of fact underlying the following issues: (1) whether the examinations were overly intrusive in light of Defendants'

1  justifications, (2) whether the policy of excluding all parents from examinations is
2  warranted in light of Defendants' justifications, (3) whether the examinations were
3  conducted primarily for investigative purposes, and (4) whether the parents in this case
4  consented to the examinations. (Id.) The Court noted that expert testimony may be
5  required to resolve the first issue, i.e., whether the examinations were overly intrusive
6  in light of Defendants' justifications. (Id. at 24.)

7  After concluding that disputes of material fact precluded summary judgment, the
8  Court found that: "Plaintiffs ha[d] failed to provide authority establishing that the
9  Polinsky examinations, including the exclusion of 'non-offending' parents, violated a
10 clearly established right." (Id. at 27.) As such, the Court concluded, "Defendants are
11 entitled to qualified immunity to the extent Plaintiffs' civil rights claims rest on the
12 Polinsky examinations." (Id.) Notwithstanding this conclusion, the parties jointly
13 moved for, and were granted, leave to reopen expert discovery. (See ECF No. 104.)
14 Since then, the parties have apparently been engaged in discovery proceedings before
15 the magistrate judge.

16 Defendants now request leave to file a second summary judgment motion on
17 issues related to the Polinsky examinations. (ECF No. 135.) Given the Court's
18 conclusion that Defendants are entitled to qualified immunity on these issues, however,
19 it is unclear why Defendants are requesting leave to file a second summary judgment
20 motion. Even if Plaintiffs had met their burden of establishing that Defendants violated
21 a clearly established right (such that qualified immunity did not apply), the Court noted
22 that expert testimony may be required to resolve only the issue of whether the exams
23 were overly intrusive in light of Defendants' justifications. Expert testimony would
24 not, for example, resolve the dispute over whether the parents in this case properly
25 consented to the examinations. Accordingly, Defendants' Ex Parte Request, (ECF No.
26 / / /
27 / / /
28 / / /

1  135), is **DENIED**.
2      **IT IS SO ORDERED.**
3  DATED: July 30, 2014

   HON. GONZALO P. CURIEL
   United States District Judge