UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MANN et al., | Case No. 3:11-cv-0708-GPC-BGS |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF PETITION FOR PERMISSIVE INTERLOCUTORY APPEAL** |
| v. | |
| COUNTY OF SAN DIEGO et al., | [ECF No. 214] |
| Defendants. | |

Before the Court is Plaintiffs' motion for an order certifying Plaintiffs' petition for an interlocutory appeal of the Court's November 23, 2015 Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment and Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment. Pl. Mot., ECF No. 214. The motion has been fully briefed. Def. Opp., ECF No. 217; Pl. Reply, ECF No. 218. Upon consideration of the moving papers and the applicable law, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

The relevant facts in this case having been described in the Court's previous

Order, the Court will not reiterate them in depth here. *See* 1st Summ. J. Order 2–12, ECF No. 102. In short, this is an action brought by Plaintiffs Mark and Melissa Mann and their four minor children N.E.H.M., M.C.G.M., N.G.P.M., and M.N.A.M ("Plaintiffs") challenging actions taken by the County of San Diego ("County"), the County's Health and Human Services Agency ("HHSA"), and the County's Polinsky Children's Center, a temporary emergency shelter for children who are separated from their families ("Polinsky") ("Defendants") during the course of a child abuse investigation that led to the removal of the minor children from the family's home, including the medical examinations that were conducted on the children during their removal. *See id.*

On November 23, 2015, the Court issued an Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment and Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment. 2nd Summ. J. Order, ECF No. 211. The Court addressed, inter alia, Plaintiffs' *Monell* challenges to the constitutionality of Defendants' policies of "(1) preventing parents or guardians from being present during medical procedures, including examinations performed at Polinsky; and (2) allowing medical examinations to be performed at Polinsky in the absence of exigency, valid parental consent, or court order specific to the child being examined." *Id*. at 5.

Under *Monell v. Dept. of Social Servs. of City of New York*, a municipality like the County can be sued for "constitutional deprivations visited pursuant to governmental custom." 436 U.S. 658, 690 (1978). To establish municipal liability where a municipality's inaction in failing to protect the plaintiffs' constitutional rights is the source of the deprivation, the plaintiffs must show that (1) they were deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to the constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)).

Addressing the first prong of the *Monell* inquiry, the Court found that the Ninth Circuit cases *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 1999) and *Greene v. Camreta*, 588 F.3d 1011 (9th Cir. 2009), "establish constitutional rights that depend on the nature and intrusiveness of medical examinations of children conducted by the state." *Id.* at 14. Specifically, the Court found that:

> First, *Wallis* establishes that where the medical examination at issue involves invasive *internal* body cavity examinations or the potential collection of material physical evidence, judicial authorization specific to the child or parental consent, plus notice to the parents is required. In addition, parents have a right to be present during the examination unless there is a valid reason to exclude them, such as a medical emergency, allegations of abuse, or a credible reason for believing they would interfere with the medical examination.
> Second, *Wallis* and *Greene*, taken together, establish that where a "potentially traumatic" medical examination is at issue, such as one involving an *external* genital examination, parents have a right to be present unless there is a valid reason to exclude them, such as a medical emergency, allegations of abuse, or a credible reason for believing they would interfere with the medical examination. This right to be present necessarily encompasses a right to receive actual notice that the examination will occur. However, there is no constitutional requirement that the state secure judicial authorization specific to the child or parental consent before the examination is conducted.
> Third, where a medical examination is *not* "potentially traumatic," neither *Wallis* nor Greene are *implicated*. A routine pediatric examination involving, for instance, auscultation or the testing of a child's reflexes would require neither judicial authorization nor parental consent, notice, or presence.

*Id.* at 14–15. The Court then found that the medical examinations conducted at Polinsky are more like the examinations conducted in *Greene* than those conducted in *Wallis*. *Id.* at 15. As a result, the Court found that the Plaintiffs' constitutional rights were implicated by Mrs. Mann's exclusion from the Polinsky examinations, but not by the County's failure to obtain judicial authorization specific to the Mann children or the Manns' consent prior to conducting the examinations. *Id.* This motion followed.

## LEGAL STANDARD

A district court, in its discretion, may certify an issue for interlocutory appeal under 28 U.S.C. § 1292(b) if (1) there is a "controlling question of law," (2) on which there is "substantial ground for difference of opinion," and (3) "an immediate appeal ... may materially advance the ultimate termination of the litigation ..." *See In re*

*Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). All three criteria must be met in order for a district court to certify an issue for interlocutory appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Section 1292(b) is to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* at 1026 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (holding that "exceptional circumstances [must] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment")); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (noting that § 1292(b) is available only "[i]n rare circumstances").

## DISCUSSION

Plaintiffs seek permission to appeal the Court's ruling that their constitutional rights were not implicated by the County's failure to obtain judicial authorization specific to the Mann children, or the Mann parents' consent, prior to conducting the medical examinations of the children. Pl. Mot. 3. Plaintiffs argue that the issue involves a controlling issue of law, there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. Pl. Mot. 3–8.

First, the Court agrees with Plaintiffs that this is an issue where there is a "substantial ground for difference of opinion." Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted) (internal quotation marks omitted)). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)

(footnotes omitted) (internal quotation marks omitted)). Neither a party's strong disagreement with the Court's ruling nor the fact that settled law might be applied differently establish a substantial ground for difference of opinion. *Id.*

Plaintiffs have not presented evidence of a circuit split. However, as the Court discussed in the summary judgment order, the Ninth Circuit has not squarely addressed the question of whether either judicial authorization specific to the child or parental consent are necessary prior to conducting medical examinations with a lower level of intrusiveness than the medical examinations conducted in *Wallis*. *See* 2nd Summ. J. Order 13–14. That question thus constituted a "novel and difficult issue of first impression," regarding which courts in this district have disagreed. *See id.* at 15 fn.7 (discussing *Swartwood v. County of San Diego*, 84 F. Supp. 3d 1093 (S.D. Cal. 2014)). Thus, the Court agrees with Plaintiffs that the issue they wish to certify for appeal presents a "substantial ground for difference of opinion."

However, Plaintiffs have not met the first and third criteria under § 1292(b). These criteria substantially overlap: In order for an issue to be "controlling," it must be shown resolution of the issue on appeal could materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Similarly, § 1292(b)'s third prong asks whether certifying the issue for interlocutory appeal "may materially advance the ultimate termination of the litigation." As Wright, Miller & Cooper have written,

> The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law. . . . [Q]uestions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial. . . . If present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate. Immediate appeal may be found inappropriate if there is a good prospect that the certified question may be mooted by further proceedings [or] if the character of the trial is not likely to be affected . . . .

§ 3930 Criteria for Permissive Appeal, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) (footnotes omitted).

These criteria do not favor Plaintiffs. Regardless of whether the Ninth Circuit reverses the Court's decision on the judicial authorization/parental consent issue, the Court has also found that Plaintiffs' constitutional rights were implicated by the exclusion of Mrs. Mann from the children's medical examinations, and that a jury must now decide whether the other *Monell* prongs are satisfied. 2nd Summ. J. Order 24. Moreover, the case is also going to trial regarding the actions of Defendant social workers Hernandez and Quadros during the child removal proceedings. *See* 1st Summ. J. Order 17–22 (finding that Plaintiffs had a clearly established constitutional right to be free from judicial deception in obtaining a protective custody warrant from a juvenile court). Thus, an appeal on the issue in question would not present the possibility of avoiding trial proceedings, curtailing or simplifying pretrial or trial, or affecting the character of the trial.

Furthermore, there is a substantial likelihood that here, a certified interlocutory appeal would be rendered moot by final judgment. By default, proceedings in district court are not stayed by the grant of an interlocutory appeal. 28 U.S.C. § 1292(b). Moreover, "on entry of final judgment, the court of appeals has discretion to dismiss an interlocutory appeal previously permitted, and is likely to do so unless there is strong reason to believe that the issues cannot be resolved as efficiently on appeal from the final judgment." § 3929 Permissive Interlocutory Appeals—Section 1292(b), 16 Fed. Prac. & Proc. Juris. § 3929.

Here, this case has moved past the summary judgment phase and is set for an imminent trial. Hence, a final judgment would almost certainly be rendered before the court of appeals would decide an interlocutory appeal, which would produce a more robust record for the appellate court to consider upon appeal than the record that would be before the appellate court on an interlocutory appeal. This renders it likely that any pending interlocutory appeal would be dismissed as moot once final judgment is rendered. Permitting an interlocutory appeal thus risks the unnecessary expenditure of judicial resources, while denial only briefly delays Plaintiffs' opportunity to challenge

the Court's ruling after final judgment has been entered.

Thus, because the resolution of the medical examination issue would not materially advance the ultimate termination of the litigation, and because the case is shortly to be tried, likely resulting in a final judgment that would render an interlocutory appeal moot, the Court **DENIES** Plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for certification of petition for interlocutory appeal, ECF No. 214, is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 21, 2016

HON. GONZALO P. CURIEL
United States District Judge