1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MARK MANN; MELISSA MANN;  )   **Case No.  11cv0708-GPC(BGS)**
     N.G.P.M., a Minor; M.N.A.M., a Minor;  )   *Hon. Gonzalo P. Curiel, Ctrm. 2D*
12   M.C.G.M, a Minor; and N.E.H.M., a  )
     minor – by and through their Guardian ad  )
13   litem, Bruce Paul,  )   **JOINT FILING REGARDING**
                             )   **PROPOSED AND DISPUTED**
14            Plaintiffs,  )   **JURY INSTRUCTIONS**
                             )
15        v.  )
                             )   **Trial Date:**      August 8, 2016
16   COUNTY OF SAN DIEGO, SAN DIEGO  )
     COUNTY HEALTH AND HUMAN  )
17   SERVICES AGENCY; POLINSKY  )
     CHILDREN'S CENTER; ANDREA E.  )
18   CISNEROS; and LISA J. QUADROS,  )
                             )
19            Defendants.

20        Plaintiffs MARK MANN and MELISSA MANN, and minor Plaintiffs N.G.P.M.,

21   M.N.A.M., M.C.G.M., and N.E.H.M., by and through their guardian ad litem, Bruce

22   Paul, and Defendants COUNTY OF SAN DIEGO, ANDREA E. HERNANDEZ, and

23   LISA QUADROS hereby respectfully submit the following proposed Jury Instructions.

24   This document may be amended or revised by the parties prior to trial.

25   ////

26   ////

27
28

# I. AGREED INSTRUCTIONS

## Model Inst. 1.1C DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Model Inst. 1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Model Inst. 1.4 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**
***(Only applicable to Plaintiffs' claim for punitive damages arising out of their State law causes of action)***

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Model Inst. 1.5 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

1   **Model Inst. 1.6 WHAT IS EVIDENCE**

2
3       The evidence you are to consider in deciding what the facts are consists of:

4       1. the sworn testimony of any witness;

5
6       2. the exhibits that are admitted into evidence;

7       3. any facts to which the lawyers have agreed; and

8
9       4. any facts that I may instruct you to accept as proved.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Model Inst. 1.7 WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Model Inst. 1.8 EVIDENCE FOR LIMITED PURPOSE (*if applicable at conclusion of evidence*)**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony you have just heard may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

**Model Inst. 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Model Inst. 1.10 RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Model Inst. 1.11 CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

1   However, if you decide that a witness has deliberately testified untruthfully about
2   something important, you may choose not to believe anything that witness said. On the
3   other hand, if you think the witness testified untruthfully about some things but told the
4   truth about others, you may accept the part you think is true and ignore the rest.

5   The weight of the evidence as to a fact does not necessarily depend on the number
6   of witnesses who testify. What is important is how believable the witnesses were, and
7   how much weight you think their testimony deserves.

**Model Inst. 1.12 CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or other social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other

reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings*[, and a mistrial could result that would require the entire trial process to start over*]. If any juror is exposed to any outside information, please notify the court immediately.

**Model Inst. 1.13 PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Model Inst. 1.14 NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Model Inst. 1.15 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Model Inst. 1.17 BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Model Inst. 1.18 OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Model Inst. 2.2 STIPULATIONS OF FACT (*if applicable*)**

The parties have agreed to certain facts that will be read to you, or will be placed into evidence as an exhibit. You must therefore treat these facts as having been proved.

**Model Inst. 2.11 USE OF INTERROGATORIES**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Model Inst. 2.11[1] EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[1] The Manual of Model Civil Jury Instructions for April 2016 contains two instructions denoted as 2.11—Expert Opinion and Use of Interrogatories. It also has two instructions named "Expert Opinion"—2.11 and 2.13.

**Model Inst. 2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Model Inst. 2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Model Inst. 9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

Plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, that provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**Model Inst. 9.3 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their §1983 claims against Defendants Andrea Hernandez and/or Lisa Quadros, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The defendant acted under color of state law; and

2. The acts or failures to act of the defendant deprived the plaintiff of his or her particular rights under the United States Constitution as explained in Instructions 9.19 and 9.4.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. Defendants do not dispute that Andrea Hernandez and Lisa Quadros acted under color of state law.

**CACI 3066  [Bane Act—Essential Factual Elements (Civ. Code Section 52.1)] (Modified)**

Plaintiffs Mark and Melissa Mann claim that Andrea Hernandez and/or Lisa Quadros intentionally interfered with their rights to familial association by threats, intimidation, or coercion. To establish this claim, Plaintiffs must prove all of the following:

1. That Andrea Hernandez and/or Lisa Quadros committed one of the following acts:
   a. Threatened violence, causing Plaintiffs Mark and Melissa Mann to reasonably believe that if they exercised their right to familial relations, the defendant would commit violence against them and that the defendant had the apparent ability to carry out the threats; or
   b. Used intimidation or coercion against Mark and Melissa Mann's rights of familial association.
2. Plaintiffs were harmed as a result; and
3. The Defendant's conduct was a substantial factor in causing Plaintiffs' harm.

As to 1.a. above, speech alone is insufficient to constitute a threat of violence unless the plaintiff proves by a preponderance of the evidence that 1) the speech itself threatens violence against a specific person or group of persons; and 2) the person or group of persons against whom the speech is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the persons threatening violence has the apparent ability to carry out the threat.

. **CACI 1600  [Intentional Infliction of Emotional Distress]**

Plaintiffs claim that the conduct of defendants Andrea Hernandez and Lisa Quadros caused each of them to suffer severe emotional distress. To establish this claim, Plaintiffs must prove all of the following:

1. That the conduct of the defendant was outrageous;
2. That the defendant acted with reckless disregard of the probability that the plaintiff would suffer emotional distress, knowing that the plaintiff was present when the conduct occurred;
3. That the plaintiff suffered severe emotional distress; and
4. That the conduct of the defendant was a substantial factor in causing severe emotional distress to the plaintiff.

**CACI 1602  [Intentional Infliction of Emotional Distress—"Outrageous Conduct"**
**Defined**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether the conduct of defendants Andrea Hernandez and/or Lisa Quadros was outrageous, you may consider, among other factors, the following:

(a) Whether the defendant abused a position of authority or a relationship that gave her real or apparent power to affect the plaintiff's interests;

(b) Whether the defendant knew that the plaintiff was particularly vulnerable to emotional distress; and

(c) Whether the defendant knew that her conduct would likely result in harm due to mental distress.

**CACI 1603  [Intentional Infliction of Emotional Distress—"Reckless Disregard" Defined**

Defendants Andrea Hernandez and/or Lisa Quadros acted with reckless disregard in causing emotional distress to Plaintiffs if:

1. Andrea Hernandez and/or Lisa Quadros knew that emotional distress would probably result from her conduct; or

2. Andrea Hernandez and/or Lisa Quadros gave little or no thought to the probable effects of her conduct.

**CACI 1604 [Intentional Infliction of Emotional Distress—"Severe Emotional Distress" Defined]**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Plaintiffs are not required to prove physical injury to recover damages for severe emotional distress.

**Proposed Special Instruction-Malice**

"Malice" means conduct that is intended to cause injury to Plaintiffs, or despicable conduct that is carried on with a willful and conscious disregard of the rights or safety of others.

1  **CACI 430 [Causation: Substantial Factor]**

2

3      A substantial factor in causing harm is a factor that a reasonable person would

4  consider to have contributed to the harm. It must be more than a remote or trivial factor.

5  It does not have to be the only cause of the harm.

6      Conduct is not a substantial factor in causing harm if the same harm would have

7  occurred without that conduct.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Model Inst. 5.1 DAMAGES—PROOF/5.2 MEASURES OF THE TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or more of the Plaintiffs, you must determine that or those Plaintiff(s)' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by the Defendants. You should consider the following:

The nature and extent of the injuries;

The mental and emotional pain and suffering experienced, and that with reasonable probability will be experienced in the future;

The reasonable value of necessary economic damages incurred.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Model Instruction No. 5.5. PUNITIVE DAMAGES**

If you find for one or more of the Plaintiffs against Defendants Andrea Cisneros and/or Lisa Quadros, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

As to the federal law claim under 42 U.S.C. § 1983, Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

As to the state law claims for intentional infliction of emotional distress, Civil Code § 52.1, and Civil Code § 43, Plaintiffs have the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendants' conduct that harmed Plaintiffs was malicious, oppressive or in reckless disregard of Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights or safety if, under the circumstances, it reflects complete indifference to the plaintiff's rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In

considering the amount of any punitive damages, consider the degree of reprehensibility of the conduct of the defendant(s) against whom you have found. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against the County of San Diego. You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiffs only nominal, and not compensatory, damages.

**3.1 DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**3.2. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1    **3.4 READBACK OR PLAYBACK (*if necessary*)**

2
3           Because a request has been made for a [readback] [playback] of the
4    testimony of [*witness's name*] it is being provided to you, but you are cautioned
5    that all [readbacks] [playbacks] run the risk of distorting the trial because of
6    overemphasis of one portion of the testimony. [Therefore, you will be required to
7    hear all the witness's testimony on direct and cross-examination, to avoid the risk
8    that you might miss a portion bearing on your judgment of what testimony to
9    accept as credible.] [Because of the length of the testimony of this witness,
10   excerpts will be [read] [played].] The [readback] [playback] could contain errors.
11   The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and
12   other aspects of the live testimony. Your recollection and understanding of the
13   testimony controls. Finally, in your exercise of judgment, the testimony [read]
14   [played] cannot be considered in isolation, but must be considered in the context of
     all the evidence presented.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**3.5 RETURN OF VERDICT/S (*Instruction depends whether one or more Verdict forms will be used*)**

Verdict forms have been prepared for you. [*Any explanation of the verdict forms may be given at this time.*] After you have reached unanimous agreement on a verdict form, continue to the next verdict form. Once you have reached unanimous agreement on all verdict forms, your presiding juror should complete all verdict forms according to your deliberations, sign and date them, and advise the bailiff that you are ready to return to the courtroom.

**3.6 ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you. You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

## 3.7 DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

1    **3.8 CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED**

2

3         [One] [some] of your fellow jurors [has] [have] been excused from service and will

4    not participate further in your deliberations. You should not speculate about the reason

5    the [juror is] [jurors are] no longer present.

6         You should continue your deliberations with the remaining jurors. Do not consider

7    the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous

8    instructions given to you still apply, including the requirement that all the remaining

9    jurors unanimously agree on a verdict.

## II. JOINT INSTRUCTIONS WITH DISPUTE OVER LANGUAGE

### Model Instruction 1.2 CLAIMS AND DEFENSES

#### A.      Plaintiffs' Proposed Language

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs in this case are Mark Mann and Melissa Mann, and their children N.G.P.M., M.N.A.M., M.C.G.M., and N.E.H.M. [2]

The Defendants are the County of San Diego, Andrea Hernandez, and Lisa Quadros.

Plaintiffs bring the following separate claims against the Defendants:

- Plaintiffs allege that Defendants Andrea Hernandez and/or Lisa Quadros are liable under Federal and/or State law due to their intentional or reckless omission of material evidence from a protective custody warrant application and Juvenile Court Detention Report that resulted in the removal and continued detention of the minor children.

- In addition, Plaintiffs claim the County has an unlawful policy, practice or custom of omitting exculpatory evidence from court reports.

- In addition, Plaintiffs claim the County has an unlawful policy, practice or custom of excluding parents from medical procedures, including examinations, at Polinsky Children's Center, a facility where the minor Plaintiffs were taken after they were removed from their parents' custody.

Plaintiffs have the burden of proving these separate claims by a preponderance of the evidence.

The Defendants deny each of those claims.

I have already made a number of rulings that limit the issues for you, the jury, to decide. These rulings include:

---

[2] Plaintiffs anticipate using the actual names of the minor Plaintiffs during trial.

- Certain material facts concerning the Mann parents' compliance and cooperation should have been included in the Warrant Application and Detention Report.*
- The protective custody warrant application and detention report did not support probable cause for the removal and continued detention of the Mann children because Defendants Andrea Hernandez and/or Lisa Quadros omitted material facts from those documents.
- The County's policy of excluding parents from physical examinations at Polinsky Children's Center is in fact unconstitutional, and was a moving force behind the violation of Plaintiffs' constitutional rights.

Later in the case, I will instruct you on the issues you must decide on each of Plaintiffs' claims.

**Plaintiffs' Reasoning**

Plaintiffs believe their proposed instruction accurately describes Plaintiffs' claims against Defendants, and accurately summarizes this Court's rulings that affect those claims. Defendants' proposed instruction (below) does not provide the jury with any information about this Court's rulings.

Plaintiffs believe it is sufficient to inform the jury that the Defendants deny Plaintiffs' claims rather than separately identifying the nature of Defendants' denial of particular facts. Defendants' denial is superfluous and adds no additional information to this instruction.

*Despite this Court's remarks at the July 15, 2016 hearing that it would not include the specific language proposed by Plaintiffs in their 1.2 and 9.19 instructions concerning the material facts omitted (to which Defendants objected), Defendants now propose that some of those facts be included in Instruction 9.19. Plaintiffs believe the facts should be included in both 1.2 and 9.19 to avoid confusion to the jury. See Plaintiffs' Proposed 9.19 for specific facts taken from the Court's ruling.

\*\*\*

**B.     Defendants' Proposed Language**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs in this case are Mark Mann and Melissa Mann, and their children N.G.P.M., M.N.A.M., M.C.G.M., and N.E.H.M.

The Defendants are the County of San Diego, Andrea Hernandez, and Lisa Quadros.

Plaintiffs assert their federal constitutional rights were violated when their four children were temporarily removed from their care by Defendants Andrea Hernandez and Lisa Quadros, and the children were brought to San Diego County's Polinsky Children's Center, where the children were given medical examinations by a pediatrician. Plaintiffs assert these actions also violated state law.

Plaintiffs also assert their rights were violated due to a County of San Diego policy and practice of withholding evidence in reports presented to the juvenile court. Plaintiffs assert the social workers, Andrea Hernandez and Lisa Quadros, intentionally or recklessly falsified their reports to the juvenile court and acted with malice. Plaintiffs have the burden of providing these claims.

Defendants Andrea Hernandez and Lisa Quadros deny these claims, and assert that the social workers did not intentionally or recklessly falsify their reports, and did not act with malice. Defendants deny that their actions violated the Plaintiffs' rights. Defendant County of San Diego denies that it has a policy or practice of withholding information from the juvenile court, and denies that any such policy or practice caused a violation of the Plaintiffs' rights.

Later in the case, I will instruct you on the issues you must decide on each of Plaintiffs' claims.

**Defendants' Reasoning**

Plaintiffs' proposed statement is far too long, legalistic, argumentative, and confusing.  According to the instruction, the jury should be given a "brief summary" of

1  the parties' positions.  Defendants' proposed language is neutral and would give the jury

2  an accurate sense of the claims and defenses in the case.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Model Instruction 9.4. SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

### A.    Plaintiffs' Proposed Language

In order to prevail on their §1983 claim against the supervisory defendant, Lisa Quadros, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  The supervisory defendant, Lisa Quadros acted under color of state law;

2.  The acts of Andrea Hernandez deprived Plaintiffs of their particular rights under the laws of the United States and the United States Constitution as explained in later instructions;

3.  Lisa Quadros either:

    a.  directed Andrea Hernandez in the acts that deprived Plaintiffs of these rights;  or

    b.  set in motion a series of acts by Andrea Hernandez that she knew or reasonably should have known would cause Ms. Hernandez to deprive Plaintiffs of these rights; or

    c.  knew, or reasonably should have known, that Andrea Hernandez was engaging in these acts and that her conduct would deprive Plaintiffs of these rights, and failed to act to prevent Ms. Hernandez from engaging in such conduct; or

    d.  failed to adequately supervise or control Andrea Hernandez, which caused Ms. Hernandez to deprive Plaintiffs of their constitutional rights; or

    e.  Engaged in conduct that showed a reckless or callous indifference to the deprivation by Ms. Hernandez of the rights of others.

4.     Lisa Quadros' conduct was so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

1   A person acts "under color of law" when the person acts or purports to act in the
2   performance of official duties under any state, county, or municipal law, ordinance, or
3   regulation. Defendants do not dispute that Lisa Quadros acted under color of law.

4   If you find the plaintiff have proved each of these elements, and if you find that the
5   plaintiff have proved all the elements they are required to prove under Instruction 9.19,
6   your verdict should be for the plaintiff. If, on the other hand, the plaintiff failed to prove
7   any one or more of these elements your verdict should be for Defendant Lisa Quadros.

**Plaintiffs' Reasoning**

8   Defendants claim subsection (c) conflicts with *Ashcroft v. Iqbal*, 556 U.S. 662
9   (2009). However, the *Ashcroft* decision does not address knowledge plus failure to act, as
10  specified in subsection (c).

11  Moreover, the language in that subsection is contained in the 2016 Ninth Circuit
12  Model Instructions, and therefore remains valid. *See, e.g., Starr v. Baca*, 652 F.3d 1202
13  (9th Cir.2011) (holding that the Sheriff's knowledge of unconstitutional conditions in the
14  jail, and knowledge of culpable actions of his subordinates, coupled with his own
15  inaction, "amounted to acquiescence in the unconstitutional conduct of his subordinates,"
16  was sufficient to state a claim of supervisory liability in the plaintiff's 8th amendment
17  case.)

18  Defendants further claim that subsection (d) does not apply to this case on the
19  grounds the court dismissed the failure to train allegations. Plaintiffs have removed the
20  word "train" from subsection (d), leaving only "supervise and control," which are not
21  challenged by Defendants. Moreover, the dismissed allegations were as to Plaintiffs'
22  *Monell* claim against the County; not their claim against supervising social worker Lisa
23  Quadros.

\*\*\*

**B.  Defendants' Proposed Language**

In order to prevail on their §1983 claim against the supervisory defendant, Lisa Quadros, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  The supervisory defendant, Lisa Quadros acted under color of state law;

2.  The acts of Lisa Quadros' subordinate, Andrea Hernandez, deprived Plaintiffs of their particular rights under the laws of the United States Constitution as explained in later instructions;

3.  Lisa Quadros either:

    a.  directed Andrea Hernandez in the acts that deprived Plaintiffs of these rights;

    b.  set in motion a series of acts by Andrea Hernandez that she knew or reasonably should have known would cause Ms. Hernandez to deprive Plaintiffs of these rights;  or

    c.  Engaged in conduct that showed a reckless or callous indifference to the deprivation by Ms. Hernandez of the rights of others.

    And

4.  Lisa Quadros' conduct was so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. Defendants do not dispute that Lisa Quadros acted under color of state law.

If you find Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove under the following instructions, your verdict should be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove any one or more of these elements your verdict should be for Defendant Lisa Quadros.

**Defendants' Reasoning**

Subsections (c) and d of Plaintiffs' proposed wording should be deleted. Subsection (c) conflict with binding U.S. Supreme Court authority.  Subsection (c) allows liability for knowledge plus failure to act, but the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), held this theory cannot sustain supervisory liability because mere "knowledge and acquiescence" is not sufficient.  In *Ashcroft*, the plaintiff in a discrimination case argued that as long as the supervisors had knowledge and acquiescence in their subordinate's use of discriminatory criteria to make decisions, that was sufficient for supervisory liability.  The Supreme Court disagreed:

> We reject this argument. Respondent's conception of "supervisory liability" is inconsistent with his accurate stipulation that petitioners may not be held accountable for the misdeeds of their agents. In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct. In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, purpose rather than knowledge is required to impose *Bivens* liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities.

*Iqbal*, 129 S.Ct. at 1949.

Thus, the Court held: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution."  *Id.* at 1948.

Subsection d. should be deleted because there are no allegations of failure to "supervise or control."

**Special Instruction—*Monell* Claim re Parental Presence (Damages Only)**

    **A.    Plaintiffs' Proposed Language**

    Plaintiffs alleged that their rights were violated due to a policy, procedure, practice or custom of the County of San Diego of conducting medical procedures, including examinations, of children at Polinsky Children's Center without their parents being present.

    To prevail on their §1983 claim against the Defendant County of San Diego alleging liability based on an official policy, practice, or custom, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

    1. County of San Diego employees or agents acted under color of state law;

    2. The acts and/or failure to act of the County of San Diego's employees or agents deprived the minor plaintiffs of their rights under the Fourth Amendment of the United States Constitution to have their parents present at the medical procedures, including examinations, conducted at Polinsky Children's Center; and deprived plaintiffs Mark and Melissa Mann and the minor Plaintiffs of their rights under the Fourteenth Amendment of the United States Constitution to be present at the medical procedures, including examinations, of the children at Polinsky Children's Center;

    3. The County of San Diego's employees or agents acted and/or failed to act pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant County of San Diego; and

    4. The defendant County of San Diego's official policy or longstanding practice or custom caused the deprivation of the plaintiffs' rights by employees or agents of the County of San Diego; that is, the County of San Diego's official policy or longstanding

practice or custom is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

The Court has found that Plaintiffs have proved all of these elements.

Thus, as to this claim, you must only determine Plaintiffs' damages resulting from the County's deprivation of these constitutional rights.

**Plaintiffs' Reasoning**:

Defendants challenge several aspects of this instruction, including:

- Plaintiffs' use of the term "medical procedures, including examinations." This is the term used by the Court in the *Wallis v. Spencer* decision. In fact, this Court has already recognized that Plaintiffs' *Monell* challenge is as to the County's policies of "preventing parents or guardians from being present during medical procedures, including examinations, performed at Polinsky." (Document 211, page 5, line 10-12).

- Defendants dispute that this Court has found Plaintiffs have proved all of these elements. However, it is clear that this Court has so found. (See, e.g., Document 211, 249)

- Defendants wish to include language indicating that this instruction does not apply to Defendants Hernandez and Quadros. The proposed language is superfluous. It is clear throughout the jury instruction that it relates solely to Plaintiffs' claim against Defendant County.

## B.    Defendants' Proposed Language

Plaintiffs allege that their rights were violated due to a policy, procedure, practice or custom of the County of San Diego of conducting medical examinations of children at Polinsky Children's Center without their parents being present.

To prevail on their §1983 claim against the Defendant County of San Diego alleging liability based on an official policy, practice, or custom, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. County of San Diego employees or agents acted under color of state law;

2. The acts and/or failure to act of the County of San Diego's employees or agents deprived the minor plaintiffs of their rights under the Fourth Amendment of the United States Constitution to have their parents present at the medical examinations conducted at Polinsky Children's Center; and deprived plaintiffs Mark and Melissa Mann and the minor Plaintiffs of their rights under the Fourteenth Amendment of the United States Constitution to be present at the medical examinations of the children at Polinsky Children's Center;

3. The County of San Diego's employees or agents acted and/or failed to act pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant County of San Diego; and

4. The defendant County of San Diego's official policy or longstanding practice or custom caused the deprivation of the plaintiffs' rights by employees or agents of the County of San Diego; that is, the County of San Diego's official policy or longstanding practice or custom is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

The Court has found that these elements have been met.

Thus, as to this claim, you must determine the amount of Plaintiffs' damages, if any, resulting from this violation.

This claim is brought against defendant County of San Diego, not against the individual social workers Andrea Hernandez or Lisa Quadros.  Any damages awarded for this claim should not be based on the acts or omissions of Ms. Hernandez or Ms. Quadros.

**Defendants' Reasoning**:

Defendants maintain their objection to the jury being informed about the Court's rulings on this claim, as argued in Defendants' motion in limine no. 3 (ECF No. 255). However, Defendants offer this instruction to comply with the Court's rulings after the motion in limine hearing.  Plaintiffs' proposed instruction improperly includes the phrase "medical procedures," rather than simply "medical examinations."  This Court found a violation of Plaintiffs' rights due to their exclusion from "Polinsky examinations."  (ECF No. 249 at page 2, lines 6-9.)

Also, the jury should be instructed that this claim concerns only the County, not the individual social workers.  As the Court has found, the workers are not liable for any damages relating to the medical examinations.  (See ECF No. 211 at pages 35-36: "

Accordingly, Defendants' motion for summary judgment on Plaintiffs' state law tort claims against Hernandez and Quadros to the extent that they rely on the Polinsky medical examinations is **GRANTED**.")

1

2

3

4

5

Further, Plaintiffs' proposed language saying, "Plaintiffs have proved all these elements" is argumentative and not neutral.  Plaintiffs' proposed language that "you must only determine damages" is argumentative; the words "if any" should be included after "damages" so the jury will feel obligated to find an amount of damages if they determine no damages were proven.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Model Instruction No. 9.5. SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANT BASED ON OFFICIAL POLICY, PRACTICE OR CUSTOM—ELEMENTS AND BURDEN OF PROOF**

    **A.    Plaintiffs' Proposed Language**

Plaintiffs have alleged that their rights were violated due to a policy, procedure, practice or custom of the County of San Diego of omitting exculpatory evidence from court reports, including warrant applications. "Exculpatory evidence" is material, favorable evidence for the parents which would have changed the outcome of the court proceeding.

In order to prevail on this § 1983 claim against Defendant County of San Diego alleging liability based on an official policy, practice or custom, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Defendants Andrea Hernandez and Lisa Quadros acted under color of state law;

2. The acts and/or failure to act of Andrea Hernandez and/or Lisa Quadros in omitting material facts from the warrant application and detention report deprived Plaintiffs of their particular rights under the United States Constitution as explained in other instructions; and;

3. Andrea Hernandez and/or Lisa Quadros acted and/or failed to act pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant County of San Diego.

4. Defendant County of San Diego's official policy or longstanding practice or custom caused the deprivation of Plaintiffs' rights by Andrea Hernandez and/or Lisa Quadros; that is Defendant County of San Diego's official policy or longstanding practice

or custom is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. Defendants do not dispute that Andrea Hernandez and Lisa Quadros acted under color of state law.

"Official policy" means a rule or regulation promulgated, adopted or ratified by Defendant County of San Diego.

"Longstanding practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of Defendant County of San Diego. A longstanding practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violator[s] were not disciplined, reprimanded or punished.

If you find Plaintiffs have proved each of these elements, and if you find that the Plaintiffs have proved all the elements they are required to prove under Instruction  9.19, your verdict should be for the Plaintiffs. If, on the other hand, you find that the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the Defendant County of San Diego.

**Plaintiffs' Reasoning**

Plaintiffs' instruction is modified only slightly from the Model Instruction. Defendants' proposed additional element to the Model Instruction (below) should not be included because, by alleging a constitutional violation caused by a formal policy or longstanding practice, Plaintiffs are pursuing the "direct" path to municipal liability.  (See

Plaintiffs' brief regarding judicial estoppel, ECF No. 239, and the Court's ruling on judicial estoppel, ECF No. 249.)

Because Plaintiffs do not need to prove deliberate indifference on this direct path to municipal liability, there is also no reason to include the definition of that term.

***

### B.   Defendants' Proposed Language

Defendants believe the following language should be added to the Model Instruction:

<u>An additional element</u>**:**

"4.     The County of San Diego's policy or practice of withholding exculpatory evidence was deliberately indifferent to the rights of plaintiffs; and"

<u>An additional definition</u>**:**

"'Deliberate indifference' is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that the defendant County of San Diego knew its policy or practice of withholding exculpatory evidence made it highly predictable that its employees would engage in conduct that would deprive persons such as the plaintiffs of their rights."

### Defendants' Reasoning

Defendants believe deliberate indifference must be shown because, by alleging a policy or practice of failing to provide exculpatory evidence, Plaintiffs' theory is that the County had a policy or practice of *omission*, or of *failure to protect* constitutional rights. When this is the case, deliberate indifference must be shown.  (See Defendants' brief opposing judicial estoppel, ECF No. 240 at page 8; and cases cited in Defendants' notice of relevant case law, ECF No. 242; for example, *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992): "[B]efore a local government entity may be held liable for failing to act

1    to preserve a constitutional right, plaintiff must demonstrate that the official policy

2    evidences a 'deliberate indifference' to his constitutional rights.")]

# Model Instruction 9.19. PARTICULAR RIGHTS—FOURTH AND FOURTEENTH AMENDMENT—GENERALLY (Modified)

### A.    Plaintiffs' Proposed Wording

As previously explained, Plaintiffs have the burden to prove that the acts of Andrea Hernandez and/or Lisa Quadros deprived them of particular rights under the United States Constitution.

In this case, Plaintiffs allege that Defendants Andrea Hernandez and Lisa Quadros deprived them of their rights under the Fourth and Fourteenth Amendment to the Constitution when they omitted information from their Protective Custody Warrant Application and Detention Report.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his or her person. Under the Fourteenth Amendment, a parent has a fundamental right to the care, custody, and companionship of his or her child, and a child has a fundamental right to be raised and nurtured by his or her parents, without unwarranted governmental interference.

I have determined, as a matter of law, that Plaintiffs have proved a number of elements necessary to support their civil rights claim against Defendants Hernandez and Quadros. Specifically, I have determined, as a matter of law, the following:

1.    That the Warrant Application and Detention Report submitted to the Juvenile Court by Andrea Hernandez and Lisa Quadros omitted facts that were material to the Juvenile Court's decision to issue the Protective Custody Warrant. [Those deleted facts included:

a. Ms. Mann's call to Lisa Quadros on April 9, 2010 in which she suggested that the children be seen by their pediatrician;

b. Mr. and Ms. Mann's agreement to take NEHM and MNAM to Children's Hospital for examination;

c. Ms. Mann's phone message to Defendant Quadros requesting to speak with her concerning her behavior toward Hernandez and Angela Redmond;

d. Ms. Mann's complaint to Hernandez on April 7, 2010 that she did not like the way Hernandez conducted herself upon returning to the home to have Ms. Mann sign a safety plan;

e. Ms. Mann's complaints to Quadros and Gilbert Fierro regarding Hernandez's conduct and requesting that the family be assigned a new social worker;

f. Ms. Mann's conversation with Gilbert Fierro and his agreement to have Redmond accompany Hernandez to the Mann home thereafter.]*

2.    That the omitted facts should have been included in the Warrant Application and Detention Report.

3.    That if the omitted material facts had been included in the Warrant Application and Detention Report, there would have been no probable cause to remove and detain N.G.P.M., M.N.A.M., M.C.G.M., and N.E.H.M. from their parents' care, custody and control.

Accordingly, in order to prove Andrea Hernandez and/or Lisa Quadros deprived Plaintiffs N.G.P.M., M.N.A.M., M.C.G.M., and N.E.H.M. of their Fourth Amendment rights, and all named Plaintiffs of their Fourteenth Amendment rights, the Plaintiffs must only prove by a preponderance of the evidence that Andrea Hernandez and/or Lisa Quadros intentionally or recklessly omitted facts from the Warrant Application and Detention Report which were required to prevent technically true statements in those documents from being misleading. It is not enough for the plaintiff to prove the defendants acted negligently.

Plaintiffs are not required to establish that Andrea Hernandez and/or Lisa Quadros intended to deceive the court when they omitted facts from the Warrant Application and Detention Report. They must simply establish that Andrea Hernandez and/or Lisa Quadros intentionally or recklessly omitted facts from the Warrant Application and Detention Report.

If you find Plaintiffs have proved this element, your verdict must be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove this element, your verdict should be for Defendants.

**Plaintiffs' Reasoning**

The recitation of material facts contained in Plaintiffs' proposed instruction comes directly from this Court's Order on Summary Judgment (Document 102, pg. 7, lines 9-28 and pg. 19, lines 8-26). Defendants have only included a few of the omitted material facts identified by this Court in their proposed instruction.

*The bracketed information should also be included in Instruction 1.2. Despite this Court's remarks at the July 15, 2016 hearing that it would not include the specific language proposed by Plaintiffs in their 1.2 and 9.19 instructions concerning the material facts omitted (to which Defendants objected), Defendants now propose that some of those facts be included in Instruction 9.19. Plaintiffs believe the facts should be included in both 1.2 and 9.19 to avoid confusion to the jury. See Plaintiffs' Proposed 9.19 for specific facts taken from the Court's ruling.

In addition, if this Court holds the jury should be instructed that Hernandez and Quadros falsified the reports, as proposed by Defendants, the instruction should also include a recitation of the false language Defendants Hernandez and Cisneros added to the Detention Report regarding Mrs. Mann being confrontational and hostile toward the agency. (See August 8, 2013 ruling at Page 8)

The primary dispute concerning this instruction comes from Defendants' inclusion of language which focuses the jury on the "state of mind" of Defendants Hernandez and Quadros. As discussed in Plaintiffs' brief concerning Defendants' jury instructions, the only issue for the jury to decide is whether Andrea Hernandez and/or Lisa Quadros intentionally or recklessly omitted facts from the Warrant Application and Detention Report, as already determined by this Court.

The standard which has been enunciated by this Court, and is proposed by Plaintiffs in this instruction, is expressly set forth in *Lombardi v. City of El Cajon*, 117

F.3d 1117, 1126 (9th Cir.1997), and reiterated in the more recent case of *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir.2011).

Plaintiffs' proposed language has been cited in the following cases:

- *U.S. v. Stanert*, 762 F.2d 775 (9th Cir.1985): ". . . all that is required is that the defendant make a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." *Id*. at 781. "By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all meaning." *Ibid*.

- *Lombardi, supra*: What is required is "a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." *Id*. at 1123. (Defendants criticize *Lombardi* on the grounds it was an appeal from an order of summary judgment on qualified immunity. Paradoxically, *Butler v. Elle*, 281 F.3d 1014 (9th Cir.2002), upon which Defendants rely, was also an appeal from a summary judgment order concerning qualified immunity.)

- *Liston v. County of Riverside*, 120 F.3d 965 (9th Cir.1997): ". . a Fourth Amendment violation occurs where "the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." *Id*. at 973.

- *Bravo, supra*: The plaintiff must make a "'substantial showing' that the misrepresentations or omissions were made intentionally or with reckless disregard for the truth." *Id*. at 1083. The plaintiff "need not establish specific intent to deceive this issuing court." *Ibid*.

The language proposed by Defendants (below) improperly focuses the jury on the "state of mind" of the defendants, which is not required under Ninth Circuit law. *See,*

*e.g., Lombardi, supra* ("subjective motivations are irrelevant" in a civil rights case alleging judicial deception); *Bravo, supra* ("plaintiff need not establish specific intent to deceive the issuing court."). In addition, Defendants' proposed language is duplicative and gives unwarranted emphasis to the sole issue to be decided by the jury.

The cases cited by Defendants in support of their definition of "reckless disregard" are exclusively from circuits other than the Ninth Circuit, and do not accurately reflect the burden of proof on this claim.

The portion of Defendants' instruction concerning omission of facts "that would have strengthened the application and report," is the subject of argument and should not be included in this instruction.

Last, Defendants' proposed instruction does not inform the jury of this Court's rulings.

***

## B.    Defendants' Proposed Wording

As previously explained, Plaintiffs have the burden to prove that the acts of Andrea Hernandez and/or Lisa Quadros deprived them of particular rights under the United States Constitution.

In this case, Plaintiffs allege that Defendants Andrea Hernandez and Lisa Quadros deprived them of their rights under the Fourth and Fourteenth Amendment to the Constitution by deliberately or recklessly falsifying their warrant application and detention report.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his or her person. Under the Fourteenth Amendment, parents and children have a right to the companionship and society of their family.

In order to prove Defendants Andrea Hernandez and Lisa Quadros deprived Plaintiffs of their Fourth and Fourteenth Amendment rights, two elements must be shown: (1) the facts omitted from the warrant application and detention report must have

been material to the juvenile court's determination of probable cause; and (2) the defendants must have acted with deliberate falsehood or reckless disregard for the truth.

This Court has found the following material facts were omitted from the warrant application and detention report:

1) Ms. Mann's complaint to Ms. Hernandez on April 7, 2010, that Ms. Mann did not like the way Ms. Hernandez conducted herself upon returning to the home to have Ms. Mann sign a safety plan;

2) Ms. Mann's request of Ms. Quadros on April 8, 2010, that the family be assigned a new social worker;

3) Ms. Mann's conversation with Manager Gil Fierro, and the reason social worker Angela Redmond was sent with Ms. Hernandez to the home on April 8, 2010; and

4) Mr. and Ms. Mann's agreement to take the children to Children's Hospital.

You must determine whether, in omitting those four facts, the defendants acted with deliberate falsehood or reckless disregard for the truth.

A person acts intentionally or deliberately when he or she acts with a conscious objective to engage in particular conduct. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth or Fourteenth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally, or inadvertently.

A person acts with reckless disregard for the truth if he or she has serious doubts as to the truth of his or her statements. In order to determine whether the defendants acted with reckless disregard, you should focus on the defendants' state of mind. A showing of reckless disregard requires more than a showing of negligence, and may be proved from

circumstances showing obvious reasons for the person to doubt the truth of the statements. If you find that the defendants omitted facts from their warrant application and detention report that would have strengthened the application and report, you may consider these facts when deciding whether the other omissions occurred with reckless disregard for the truth.

If you find Plaintiffs have proved this element, your verdict must be for Plaintiffs. If, on the other hand, Plaintiffs have failed to prove this element, your verdict should be for Defendants.

**Defendants' Reasoning**

To obtain an evidentiary hearing to challenge an affidavit in support of a warrant, "There must be allegations of deliberate falsehood or of reckless disregard for the truth. . . ." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Plaintiffs' argument that the only intent required is that the omissions be made "intentionally" cannot meet the requirement of *Franks* that there must be a showing of "deliberate falsehood or reckless disregard for the truth." If the social workers intentionally – but innocently – omitted the facts, that would be enough to meet Plaintiffs' proposed standard; but it could not meet *Franks*' standard. As the Supreme Court stated: "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171.

The cases cited by Plaintiffs, such as *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997), deal with the standards to get past summary judgment on qualified immunity; the evidence necessary to win at trial is different. As the Ninth Circuit held in a case five years after *Lombardi*, where judicial deception is alleged regarding omitting facts in the procurement of a warrant, the question is: "whether or not in allegedly omitting relevant information from his affidavit in support of the application for a search warrant . . . [the defendant] acted 'with deliberate falsehood or reckless disregard for the truth.'" *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002).

Plaintiffs' proposed wording is inaccurate both as to facts and law, misleading,

argumentative, and irrelevant.  Plaintiffs' proposed instruction misstates the legal standard regarding the social workers' acts and omissions, stating that Plaintiffs allege the workers engaged in "intentionally and/or recklessly omitting material facts."  The proposed instruction also erroneously states that Defendants are liable if they "acted intentionally, or with reckless disregard, when omitting the material facts…"  This misstates the legal standard, which is whether they "deliberately or recklessly *falsified*" the documents.  (*Franks*, 438 U.S. at 171.)

Plaintiffs argue they must prove only that the workers "intentionally omitted material facts," not that they "falsified."  (Plaintiffs' brief in support of their instructions, ECF No. 261 at page 5, lines 15-20.)  Plaintiffs are incorrect.  The jury should be instructed that the question is whether, in omitting the facts from the warrant application and detention report, the workers acted with **deliberate falsehood or reckless disregard for the truth**.  *Butler*, 281 F.3d at 1024.

The Ninth Circuit has held that a plaintiff can overcome summary judgment only with a substantial showing of "deliberate falsehood or reckless disregard," and that the magistrate would not have issued the warrant "without the dishonestly included or omitted information."  *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995).  When it comes to *omissions* in warrant applications, the Ninth Circuit has stated this test:

> In this variety of a Fourth Amendment case, alleging judicial deception in the procurement of a search warrant, we confront a situation where in our circuit a state-of-mind question is embedded in the underlying constitutional issue, i.e., whether or not in allegedly omitting relevant information from his affidavit in support of the application for a search warrant for Butler's property, Investigator Elle acted "with deliberate falsehood or reckless disregard for the truth."

*Butler*, 281 F.3d at 1024 (citing *United States v. Stanert*, 762 F.2d 775, 781, as amended, 769 F.2d 1410 (9th Cir. 1985)).

This Court found on summary judgment that the warrant would not have issued had the omissions been included.  The issue now for the jury is whether social workers

1   Andrea Hernandez and Lisa Quadros acted "with deliberate falsehood or reckless

2   disregard for the truth" when they omitted the facts from the warrant affidavit and

3   detention report.  Thus, the required state of mind is far more than merely acting

4   "intentionally" as argued by Plaintiffs.  As the Ninth Circuit held, the jury must

5   determine the workers' state of mind:

> A plaintiff "must make (1) a 'substantial showing' of deliberate falsehood or reckless disregard for the truth, and (2) establish that but for the dishonesty, the challenged action would not have occurred. If a plaintiff satisfies these requirements, 'the matter should go to trial'." *See Liston v. County of Riverside*, 120 F.3d 965, 972–975 (9th Cir.1997) (quoting *Hervey*, 65 F.3d at 788–89 (citing *Branch*, 937 F.2d at 1383)). Materiality is for the court, state of mind is for the jury. *Hervey*, 65 F.3d at 789.

> *Butler*, 281 F.3d at 1024.

12   The Ninth Circuit in *Lombardi* recognized that because merely omitting facts in an

13   affidavit did not taint its validity, there must be evidence of deliberate or reckless

14   falsification, as required by *Franks*:

> As [*United States v.] Colkley* [899 F.2d 297 (4th Cir. 1990], explained, "[a]n affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." 899 F.2d at 300. We have embraced the same reasoning, recognizing in *United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir.1987), that "[t]he mere fact that the affiant did not list every conceivable conclusion does not taint the validity of the affidavit." But instead of imposing a heightened proof requirement only in the case of omissions—as do *Colkley* and *Reivich [United States v. Reivich*, 793 F.2d 975 (8th Cir. 1986)] in the criminal context—*Branch* and *Hervey* impose a heightened pleading and proof requirement, including the subjective intent element from *Franks*, for commissions as well as omissions. It is this standard that a plaintiff must meet on the civil side in order to overcome summary judgment on a defense claim of qualified immunity.

24   *Lombardi*, 117 F.3d at 1124.

25   Based on these Ninth Circuit cases, the standard Plaintiffs must prove is that in

26   omitting the facts from the warrant affidavit and detention report, defendants Andrea

27   Hernandez and Lisa Quadros acted with deliberate falsehood or reckless disregard for the

28

truth.  (*Butler*, 281 F.3d at 1024.)

Plaintiffs' proposed instruction is argumentative, misleading, and non-neutral in that it states Plaintiffs must "only" prove by a preponderance of the evidence and Plaintiffs "must simply establish," erroneously suggesting the standard is low and that it is not difficult for Plaintiffs to prove their case.

Plaintiffs' proposed instruction is also argumentative, misleading, and legally incorrect because it tells the jury what Plaintiffs *don't* have to prove (intent to deceive). Instead, the jury should only be told what Plaintiffs *do* have to prove: that the workers acted with deliberate falsehood or reckless disregard for the truth.  *Butler v. Elle*, 281 F.3d at 1024

Regarding definition of "reckless disregard":

***U.S. v. Williams*, 718 F.3d 644, 650 (7th Cir. 2013)**
("An affiant acts with reckless disregard for the truth when he in fact entertains serious doubts as to the truth of his allegations. (Cites omitted). This is a subjective inquiry that focuses on the officer's state of mind. A showing of reckless disregard requires more than a showing of negligence and may be proved from circumstances showing obvious reasons for the affiant to doubt the truth of the allegations.")

***U.S. v. McMurtrey*, 704 F.3d 502, 511-513 (7th Cir. 2013)**
(At page 512: "Deliberate or reckless disregard for the truth, like other states of mind, must be shown by circumstantial evidence. The circumstantial evidence in McMurtrey's *Franks* motion permitted a reasonable inference of falsity because it provided 'obvious reasons to doubt the veracity' of the allegations.")

***U.S. v. Lowe,* 516 F.3d 580, 584 (7th Cir. 2008)**
("This Court has held that an affiant acts with reckless disregard for the truth when he or she 'in fact entertained serious doubts as to the truth of his allegations.' *United States v. A Residence Located at 218 Third Street, New Larus, Wisconsin*, 805 F.2d 256, 258 (7th Cir. 1986). It follows that negligence does not constitute reckless disregard for the truth. *Id.*")

*U.S. v. Whitley,* **249 F.3d 614, 621 (7th Cir. 2001)**
(**"**To prove reckless disregard for the truth, the defendants had to prove that the affiant 'in fact entertained serious doubts as to the truth of his allegations.' Because states of mind must be proved circumstantially, a factfinder may infer reckless disregard from circumstances evincing 'obvious reasons to doubt the veracity' of the allegations. (Cite omitted.)")

Regarding omissions that would have strengthened the application:
*U.S. v. Rajaratnam*, **719 F.3d 139, 153-55 (2d Cir. 2013)**
(At page 155: "On a more fundamental level, we cannot conclude that the government omitted certain information about the SEC investigation with 'reckless disregard for the truth' when it is clear that fully disclosing the details of that investigation would only have *strengthened* the wiretap application's 'necessity' showing. [FOOTNOTE 18]. Footnote 18: In addition to its relevance to the 'materiality' inquiry, whether an omission would have strengthened or weakened the wiretap application is also probative of whether the omission occurred with 'reckless disregard for the truth.' Indeed, it is difficult to imagine a situation where the government would intentionally or 'with reckless disregard' omit information that would *strengthen* its 'probable cause' or 'necessity' showing.")

    Defendants maintain their objection to the jury being informed of the Court's finding regarding the omission of material facts, as argued in Defendants' motion in limine no. 3 (ECF No. 255).  However, because the Court has said it would so instruct the jury, Defendants believe the jury must be informed about which omitted facts the Court found to be material.  Otherwise, the jury could find liability against the individual defendants based on an omitted fact that was not material.  Such a finding would violate the rulings of *Franks v. Delaware*, 434 U.S. 154 (1978), and its progeny.

    The four facts proposed by Defendants are taken from the Court's summary judgment ruling (ECF No. 102), in which the Court found: "That said, this Court finds the omitted facts regarding the parents' cooperation and Ms. Mann's complaints about [Hernandez] were material to the Juvenile Court's decision to issue the protective custody warrant and should have been included."  (Page 19, lines 8-11.)  Earlier in the ruling, the Court noted eight omitted facts alleged by Plaintiffs.  (Page 7.)  Of those facts, Defendants have included the four that relate to the parents' cooperation and Ms. Mann's complaints about Hernandez.

    Defendants object to two of the facts proposed by Plaintiffs.  Plaintiffs' first proposed fact ("a. Ms. Mann's call to Lisa Quadros on April 9, 2010 in which she suggested that the children be seen by their pediatrician") is not an undisputed fact. Defendants dispute this fact, and Defendants disputed this fact in the summary judgment

motion.  (See Plaintiffs' Undisputed Fact No. 26 and Defendants' dispute of that fact, at ECF No. 96-1, pages 7-8.)

Also, Plaintiffs' third proposed fact ("c. Ms. Mann's phone message to Defendant Quadros requesting to speak with her concerning her behavior toward Hernandez and Angela Redmond") is not accurately stated because only a portion of the message was not included in the warrant application and detention report, and the omitted portion does not relate to the cooperation of Plaintiffs or Ms. Mann's complaint against Ms. Hernandez.

**Special Instruction [Violation of Civil Code §43, Personal Rights]**

   **A. Plaintiffs' Proposed Language**

California recognizes that every person has the right of protection from bodily restraint or harm, and from injury to his or her personal relations. The rights of personal relations include the rights of children and parents not to be unlawfully separated from one another.

Plaintiffs claim that Defendants Andrea Hernandez and/or Lisa Quadros violated their right to protection from bodily restraint or harm, from personal insult, and from injury to their personal relations by intentionally or recklessly omitting material information from the Warrant Application and Detention Report which were submitted to the Juvenile Court in order to remove and detain and continue to detain Plaintiffs N.G.P.M., M.N.A.M., M.C.G.M., and N.E.H.M. from Mark and Melissa Mann.

To succeed on this claim, Plaintiffs must prove the following:

   1.   That Defendants Andrea Hernandez and/or Lisa Quadros intentionally or recklessly omitting material information from the Warrant Application and Detention Report.

   3.   Plaintiffs were harmed; and

   4.   Defendants' conduct was a substantial factor in causing that harm.

**Plaintiffs' Reasoning**

The primary dispute between Plaintiffs and Defendants on this instruction is Plaintiffs are proposing that the Court instruct the jury that they must provide Defendants Hernandez and/or Quadros "intentionally or recklessly omitted material information from the Warrant Application and Detention Report" and Defendants propose that the Court instruct that Defendants "intentionally or recklessly falsified" the Warrant Application. Plaintiffs believe that their proposed language more accurately reflects the facts of this case. (See, also, discussion concerning Instruction 9.19)

Additionally, Plaintiffs are proposing the Court instruct that the Warrant Application and Detention Report were "submitted to the Juvenile Court in order to remove and detain and continue to detain" the minor Plaintiffs from their parents; while Defendants propose the Court simply instruct that the reports "were submitted to the Juvenile Court, resulting in the temporary removal of the minor plaintiff from their parents' custody." Plaintiffs believe their proposed language is more precise (since the purpose of the Warrant Application was to remove the children from their parents' custody and the purpose of the Detention Report was to detain the children from their parents' custody). Further, Defendants' proposal that the Court instruct the jury that the removal was "temporary" is argumentative and improper.

In addition, if this Court holds the jury should be instructed that Hernandez and Quadros falsified the reports, as proposed by Defendants, the instruction should also include a recitation of the false language Defendants Hernandez and Cisneros added to the Detention Report regarding Mrs. Mann being confrontational and hostile toward the agency. (See August 8, 2013 ruling at Page 8)

Last, Plaintiffs do not believe the jury should be instructed that the right to protection from bodily restraint or harm is "subject to certain qualifications and restrictions provided by law," since Defendants have not identified any such qualifications or restrictions. The inclusion of this language is confusing and will lead the jury to speculate as to the qualifications and restrictions.

                                        ***

**B. Defendants' Proposed Language**

California recognizes that every person, subject to certain qualifications and restrictions provided by law, has the right of protection from bodily restraint or harm, and from injury to his or her personal relations.  The rights of personal relations include the rights of children and parents not to be unlawfully separated from one another.

Plaintiffs claim that Defendants Andrea Hernandez and/or Lisa Quadros violated their right to protection from bodily restraint or harm and from injury to their personal relations by intentionally or recklessly falsifying the Warrant Application and Detention Report which were submitted to the Juvenile Court, resulting in the temporary removal of the minor plaintiffs from their parents' custody.

To succeed on this claim, Plaintiffs must prove the following:

1.     That Defendants Andrea Hernandez and/or Lisa Quadros intentionally or recklessly falsified the Warrant Application and Detention Report.

2.     Plaintiffs were harmed; and

3.     Defendants' conduct was a substantial factor in causing that harm

**Defendants' Reasoning**

Defendants' proposed language is based on the language in Civil Code §§ 43 and 49, as well as the requirement from *Franks v. Delaware* that in order to violate plaintiffs' rights, defendants must have "intentionally or recklessly falsified" their reports. Plaintiffs' proposed language is argumentative and not neutral in that it tells the jury the workers' intent behind the court filings ("in order to remove and detain and continue to detain…"). Plaintiffs' proposed language also misstates the legal requirements of the workers' state of mind: it is not enough that they "intentionally" omitted the facts, because then even an innocent omission would cause a violation of a plaintiff's constitutional rights. Instead, per *Franks*, the omission must be made "with deliberate falsehood or reckless disregard for the truth." See *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002).

## Model Inst. 5.6 NOMINAL DAMAGES

### A. Plaintiffs' Proposed Language

As to the federal law claim under 42 U.S.C. § 1983, the law that applies to this case authorizes an award of nominal damages.

If you find for one or more of the Plaintiffs on the federal law claim against defendants Andrea Hernandez and/or Lisa Quadros but you decide that the Plaintiff for whom you have found has failed to prove damages as defined in these instructions, you must award that Plaintiff nominal damages.

If you find for one or more of the Plaintiffs on the federal law claim against Defendant County of San Diego due to it having a policy, practice or custom of omitting exculpatory evidence from court reports, but you decide that the Plaintiff for whom you have found has failed to prove damages as defined in these instructions, you must award that Plaintiff nominal damages.

If you find that the Plaintiffs have failed to prove damages on the federal law claim against Defendant County of San Diego concerning the medical procedures, including examinations at Polinsky Children's Center, you must award nominal damages.

Nominal damages may not exceed one dollar.

### Plaintiffs' reasoning:

Plaintiffs' use of the term "medical procedures, including examinations." This is the term used by the Court in the *Wallis v. Spencer* decision. In fact, this Court has already recognized that Plaintiffs' *Monell* challenge is as to the County's policies of "preventing parents or guardians from being present during medical procedures,

including examinations, performed at Polinsky." (Document 211, page 5, line 10-12).

**B. Defendants' Proposed Language**

As to the federal law claim under 42 U.S.C. § 1983, the law that applies to this case authorizes an award of nominal damages.

If you find for one or more of the Plaintiffs on the federal law claim against defendants Andrea Hernandez and/or Lisa Quadros but you decide that the Plaintiff for whom you have found has failed to prove damages as defined in these instructions, you must award that Plaintiff nominal damages.

If you find for one or more of the Plaintiffs on the federal law claim against Defendant County of San Diego alleging its policy, practice or custom of omitting exculpatory evidence from court reports, but you decide that the Plaintiff for whom you have found has failed to prove damages as defined in these instructions, you must award that Plaintiff nominal damages.

If you find that the Plaintiffs have failed to prove damages on the federal law claim against Defendant County of San Diego concerning the medical examinations at Polinsky Children's Center, you must award nominal damages.

Nominal damages may not exceed one dollar.

**Defendants' reasoning:** Plaintiffs' proposed instruction improperly includes the phrase "medical procedures," rather than simply "medical examinations." This Court found a violation of Plaintiffs' rights due to their exclusion from "Polinsky examinations." (ECF No. 249 at page 2, lines 6-9.)

Also, Plaintiffs' proposed language as to the exculpatory evidence policies, etc. improperly uses the words "due to" rather than "alleging." Plaintiffs' proposed language suggests that the County had such policies, which the County denies.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# III. PLAINTIFFS' PROPOSED INSTRUCTIONS

**Model Inst. 2.3. JUDICIAL NOTICE (*if applicable*)**

The court has decided to accept as proved the fact that [*state fact*]. You must accept this fact as true.

**Plaintiffs' Argument**: Plaintiffs anticipate that documents may be introduced during the course of the trial which may be judicially noticed by the Court. This instruction will be used only if that occurs.

**Defendants' Argument**: At this point, Defendants are not aware of any documents that will be judicially noticed.

**Model Inst. 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY (*if applicable*)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*dateI*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Plaintiffs' Argument**: Plaintiffs have included this instruction in case deposition testimony is used in lieu of live testimony. This instruction will only be used if that occurs.

**Defendants' Argument**: Defendants are not aware of any deposition testimony that will be used in lieu of live testimony.

**Model Inst. 2.9 IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Plaintiffs' Argument**: While Plaintiffs do not anticipate this instruction will be necessary, they wish to include it in case it should become necessary.

**Defendants' Argument**: Defendants are not aware of any evidence that a witness lied under oath on a prior occasion.

1   **CACI 3703 [Legal Relationship Not Disputed]**

2

3       In this case, Andrea Hernandez and Lisa Quadros were the employees of the

4   County of San Diego.

5

6       If you find that Andrea Hernandez and Lisa Quadros were acting within the scope

7   of their employment when the incident occurred, then the County of San Diego is

8   responsible for any harm caused by their misconduct.

9

10      This instruction applies only to Plaintiffs claims for Intentional Infliction of

11  Emotional Distress and Violation of Civil Code §52.1 and §43.

12      **Plaintiffs' Argument**:  The Jury should be informed that the County is responsible

13  for any harm caused by the misconduct of Defendants Hernandez and Quadros with

14  respect to the state law causes of action.

15      **Defendants'; Argument**: Defendants have always agreed that Ms. Hernandez and

16  Ms. Quadros were employed by the County and were acting in course and scope; in fact,

17  the parties have agreed to language in these instructions stating, "Defendants do not

18  dispute that Ms. Hernandez and Ms. Quadros were acting under color of state law."

19  Because there is no issue or dispute as to whether the workers were employed by the

20  County or acting in course and scope, there is no need for this instruction.  The parties

21  have agreed to stipulate on this issue (not to be read to the jury), which will eliminate the

22  need for this instruction.

23

24

25

26

27

28

**PLAINTIFFS' SPECIAL INSTRUCTION: DAMAGES**

Defendants are responsible for the natural consequences of their actions. They are liable for setting in motion a series of acts by others which they know, or reasonably should know, would cause others to inflict the injury. The measure of damages is the amount that will compensate for all the detriment caused by the Defendants' actions, whether it could have been anticipated or not.

**Plaintiffs' Argument**: This jury instruction is based in part on California Civil Code §3333, which states "for the breach of an obligation not arising from contract, the measure of damages . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

It is also based on *Tatum v. Moody*, 768 F.3d 806, 817 (9th Cir.2014), which holds that under §1983 "a person is responsible for the natural consequences of his actions. Thus, a §1983 defendant is liable for 'setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"

Plaintiffs believe that due to the issues involved in this case, which are not in the ordinary realm of human experience, it is important for the jury to receive instructions on the nature and extent of Plaintiffs' damages beyond that provided in the Model Instructions. The model instructions are not binding on the trial courts (*Caviness v. Nucor-Yamato Steel Co.*, 105 F.3d 1216, 1221, fn. 2 (8th Cir.1997)), and should be modified to fit the facts of the particular case. (Introduction to 9th Circuit Manual of Model Civil Jury Instructions). Plaintiffs believe this instruction is an accurate statement of the law, and provides additional guidance to the jury than that given in the Model Instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendants' Argument**:

This instruction should not be given because it is vague, general, overbroad, confusing and misleading, cumulative, and improperly combines several different theories, including supervisory liability, into one instruction.  It is also not part of the Model Instructions.  Further, the concepts in this instruction are adequately covered in the Model Instructions.

# IV. DEFENDANTS' PROPOSED INSTRUCTIONS

**Model Inst. 2.16 EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any other non juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory,

1  game, or other material. Do not attempt to alter the computer to obtain access to such
2  materials. If you discover that the computer provides or allows access to such materials,
3  you must inform the court immediately and refrain from viewing such materials. Do not
4  remove the computer or any electronic data from the jury room, and do not copy any such
5  data.

6
7  **Defendants' Argument**: If any exhibits are provided in electronic format, this instruction
8  would be appropriate.

9
10 **Plaintiffs' Argument**: Plaintiffs do not believe there will be any exhibits that will be
   provided to the Defendants in electronic format. Thus, this instruction is not appropriate.

**Model Inst. 5.3 DAMAGES-MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**Defendants' Argument**

This is not a complete defense to damages, but may reduce damages depending on what evidence is presented by Plaintiffs at trial. Defendants included this defense in their answer to the complaint.

**Plaintiffs' Argument**

Defendants did not identify mitigation of damages as a defense in the final Pretrial Order filed with this Court. Accordingly, this instruction should not be given. Moreover, Plaintiffs do not believe this instruction applies to the damages being sought by Plaintiffs in this action.

**DEFENDANTS' SPECIAL INSTRUCTION: DAMAGES FOR REMOVAL OF CHILDREN**

If you find in favor of one or more plaintiffs on the plaintiffs' claim involving the temporary removal of the children from the care of plaintiffs Mark and Melissa Mann, you must determine the amount of damages, if any, to award.

In calculating the proper amount of damages, if any, for the temporary removal of the children, you should not speculate about events that occurred after the juvenile court detention hearing on April 14, 2010, because those events are not relevant to the calculation of damages. The social workers cannot be held responsible for any emotional distress caused by the separation of the children from their parents after the detention hearing on April 14, 2010.

**Defendants' Argument**:

As explained in Defendants' motion in limine No. 5 and at oral argument at the motions in limine hearing on July 15, 2016, damages were cut off at the detention hearing.  See *Watson v. City of San Jose*, 800 F.3d 1135, 1141 (9th Cir. 2015).  Plaintiffs waived their right to be awarded damages for the continued detention of the children after the April 14, 2010, detention hearing by deciding, after consultation with counsel, not to challenge the detention and by expressly allowing, without objection, the juvenile court to find that the continued detention of the children was proper.

**Plaintiffs' Argument**: Plaintiffs object to this Special Interrogatory on the grounds discussed in their Opposition and Supplemental Opposition to Defendants' Motion in Limine No. 5.

## DEFENDANTS' SPECIAL INSTRUCTION: DAMAGES FOR PLAINTIFFS WHO ARE MINORS

If you decide to award damages for any plaintiff, those damages may not be inferred based only on the characteristics of the minor plaintiffs, such as their age and vulnerability.  Damages must be supported by evidence.

**Defendants' Argument**:

This language is consistent with the holdings of two Ninth Circuit cases, *Watson v. City of San Jose*, 800 F.3d 1135, 1140, fn. 8 (9th Cir. 2015), and *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1118-19 (9th Cir. 2008).  Here, there is a danger that the jury could erroneously award damages based on the fact that Plaintiffs' children were very young (3-6 years old) and vulnerable, rather than on any facts presented showing that actual injuries and damages were suffered.

**Plaintiffs' Argument**:

This instruction is unnecessary, *Watson v. City of San Jose*, 800 F.3d 1135, 1140, fn. 8 (9th Cir.2015) and *Mendez v. County of San Bernardino*, 540 F.3d 1109 (9th Cir.2008) (which had nothing to do with damages suffered by minor plaintiffs) state only that "damages must be supported by evidence." This, of course, is fully consistent with the Model Jury Instruction 5.1 on damages. This instruction is also confusing and unclear.

///
///
///
///
///
///

**RESPECTFULLY SUBMITTED,**

DATED:  July 26, 2016                LAW OFFICE OF PAUL W. LEEHEY

                                     */s/ Paul W. Leehey*
                                     _____
                                     PAUL W. LEEHEY
                                     Attorney for Plaintiffs


DATED:  July 26, 2016                THOMAS E. MONTGOMERY, County Counsel

                                     */s/ David Brodie*
                                     _____
                                     DAVID BRODIE, Senior Deputy
                                     Attorney for Defendants


I, PAUL W. LEEHEY, hereby certify that the content of this joint filing is acceptable to all parties required to sign this joint filing.  County Counsel authorized me to affix his CM/ECF electronic signature to this joint filing.

DATED:  July 26, 2016                LAW OFFICE OF PAUL W. LEEHEY

                                     */s/ Paul W. Leehey*
                                     _____
                                     PAUL W. LEEHEY
                                     Attorney for Plaintiffs