Donnie R. Cox, SBN 137950
LAW OFFICE OF DONNIE R. COX
402 North Nevada St.
Oceanside, CA92054-2025
Telephone (760) 400-0263
Facsimile (760) 400-0269
drc@drcoxlaw.com

Paul W. Leehey, SBN 92009
LAW OFFICE OF PAUL W. LEEHEY
210 E. Fig Street, Ste. 101
Fallbrook, CA 92028-2002
Telephone (760)723-0711
Facsimile (760) 723-6533
law@leehey.com

Robert Hamparyan, Esq. SBN: 181934
LAW OFFICES OF ROBERT HAMPARYAN
275 West Market Street
San Diego, CA 92101
Telephone: (619) 550-1355
Facsimile (619) 550-1356
Robert@hamparyanlawfirm.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MANN; MELISSA MANN; N.G.P.M., a minor; M.N.A.M. a minor; M.C.G.M. a minor; and N.E.H.M. a minor by and through their Guardian Ad Litem, BRUCE PAUL <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; et al, <br><br> Defendants. | Case No. 11CV0708 GPC (BGS) <br><br> **PETITION FOR APPROVAL OF MINORS' INTEREST IN SETTLEMENT OF ACTION** <br><br> Judge     : Hon. Gonzalo P. Curiel <br> Magistrate: Hon. Bernard G. Skomal |

COMES NOW the Petitioner BRUCE PAUL, as guardian ad litem on behalf of minor Plaintiffs N.G.P.M., M.N.A.M., M.C.G.M, and N.E.H.M. (hereinafter "Petitioner"), who submits this Petition for Approval of the settlement with individual defendants Andrea E. Cisneros and Lisa J. Quadros:

**General Information**:

1.      Petitioner: Bruce Paul

2.      Minors:

N.G.P.M.; Born 2004; Age: 12; Sex: Female

M.N.A.M.; Born 2006; Age: 10; Sex: Male

M.C.G.M.; Born 2006; Age: 10; Sex: Female

N.E.H.M.; Born 2006; Age: 10; Sex: Female

3.      Petitioner is the Court-appointed guardian ad litem on behalf of all Minor Plaintiffs in this action.

**Nature of Claim**

4.      The subject incident occurred on April 12, 2010 in San Diego County, California.

5.      This case involved the wrongful removal and detention of the Minor Plaintiffs from the care, custody and control of their parents, by individual County social workers employed by the County of San Diego, Health & Human Services Agency.

6.      The subject action was filed on April 7, 2011, alleging claims for Violation of Plaintiffs' Fourth and Fourteenth Amendment Civil Rights pursuant to 42 U.S.C. §1983; *Monell*-related claims under 42 U.S.C. §1983; and for Intentional Infliction of Emotional Distress and Violation of State Civil Rights (under 28 U.S.C. §1367(a) supplemental jurisdiction) against the County of San Diego, and against several other individual agents and/or employees of the County of San Diego.

7.      As a result of the actions of Defendants, the Minor Plaintiffs were removed from their parents' care, custody and control, detained in the County's Polinsky Children's Center for two days, and subsequently detained in the care, custody and control of the Minor Plaintiffs' grandmother for an additional two months, with only supervised visitation allowed by their parents, Mark and Melissa Mann.

8.      This case also included claims against the County of San Diego under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978) arising out of medical procedures, including examinations, conducted on the Minor Plaintiffs at the County's Polinsky Children's Center following their removal from the care, custody and control of their parents.

9.      The Minor Plaintiffs did not suffer physical injury as a result of the actions of the Defendants. Moreover, the Minor Plaintiffs were not claiming recovery of special damages for psychological treatment following the wrongful removal and detention. However, the Minor Plaintiffs did suffer considerable emotional and mental distress as a result of the removal from their parents' care, custody and control as well as the physical exams at PCC.

10.     Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident in which the Minor Plaintiffs were injured, the responsibility for the incident, and the nature, extent and seriousness of the Minor Plaintiffs' injuries. Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the Minor Plaintiffs will be forever barred from seeking any further recovery of compensation from the Individual County Defendants and The County of San Diego on the claims that are proposed to be dismissed even though the Minor Plaintiffs' injuries may in the future appear to be more serious than they are now thought to be.

///

///

**Agreed Settlement Terms**

11.     On or about August 2, 2016, Plaintiffs agreed to settle their case against the individual Defendants and certain claims against the County of San Diego. Under the terms of the settlement, Defendants agreed to pay a total of $750,000.00 to all Plaintiffs in exchange for a dismissal of all claims against the individual County Defendants and certain claims against the County of San Diego. In addition, the County agreed to review its administrative finding that allegations against Mark Mann that were investigated by the County of San Diego had been "substantiated."  Terms of the settlement required that the finding be changed to "inconclusive" and that Mark Mann's name be removed from the California Child Abuse Central Index (CACI).

12.     Plaintiffs also agreed to dismiss with prejudice any and all claims which could be appealed by the Plaintiffs due to this Court's rulings in this matter concerning all other individually named Defendants, who agreed to waive any right to attorney's fees and costs. Plaintiffs further agreed to dismiss with prejudice any and all *Monell* claims against Defendant County of San Diego **with the exception of** those claims concerning the County's policies, procedures, practices and/or customs regarding medical procedures, including examinations, at County's Polinsky Children's Center.

13.     Plaintiffs and Defendants expressly reserved from the terms of the settlement agreement Plaintiffs' *Monell* claim arising out of the medical procedures, including examinations, at County's Polinsky Children's Center. That claim will become a final, appealable judgment, which both Plaintiffs and Defendants intend to appeal.

14.     On August 19, 2016, the parties filed a Joint Notice of (1) Settlement of Individual Defendant Claims; (2) Settlement of All *Monell* Claims Except Polinsky Children's Center Claims; (3) Stipulation on Remaining *Monell* Triable

Issue; and (4) Plan for Appeal on *Monell* Claims Involving County's Polinksy Children's Center Medical Procedures, Including Examinations.

**Information about Plaintiffs' Attorneys**

15.     Plaintiffs were represented in this action by attorneys Donnie R. Cox, Paul W. Leehey, Robert Hamparyan and Dennis Atchley.

16.     Plaintiffs' counsel did not become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted.

17.     Plaintiffs' counsel do not expect to receive attorneys' fees or other compensation from the individual defendants other than that requested in this Petition. However, Plaintiffs will be making a motion for attorney's fees as prevailing party on their *Monell* claim against Defendant County of San Diego.

18.     Donnie R. Cox and Paul W. Leehey are two of only approximately ten attorneys in California primarily representing plaintiffs in this area of the law. Their offices have associated together and have represented plaintiffs in more than 100 civil rights matters since 1991 concerning the unlawful removal, detention, and physical examination of children in W&I §300 dependency proceedings.   Their offices are currently involved in 20 active Child Protective Services civil rights cases as attorney of record.  For more than 20 years, they have participated in nearly every important civil rights case involving the removal and detention of minors in both state and federal courts. In additional, they have consulted on and participated in numerous cases throughout the United States, including cases that have been heard by the U.S. Supreme Court.

19.     Robert Hamparyan is a highly respected trial lawyer, who has won numerous prestigious awards, including Consumer Attorneys of San Diego's Trial Lawyer of the Year.

20.     Because of the nature of these cases, Plaintiffs' counsel can only handle a few matters at a time.  In addition, the law in this area is ever changing, and therefore, highly volatile.

5

**Attorneys' Fees and Costs**

21.     Plaintiffs' counsel devoted over 3,000 hours in preparing Plaintiffs' case, approximately 1,000 hours of which were devoted to the claims against the individual defendants. The following is a summary of the services performed by Plaintiffs' counsel:

a.  Application for Order to obtain and use the confidential Juvenile Case file through Welfare and Institution Code Section 827.

b.  Extensive review and summarization of the documents obtained from the Juvenile Court.

c.  Research and preparation of a Government Tort Claim form served on Defendants;

d.  Research, preparation of documents for, and attendance at administrative hearing concerning Plaintiff Mark Mann's inclusion on CACI;

e.  Research and preparation of the Complaint filed in this case;

f.  Promulgating written discovery to all Defendants.

g.  Propounding subpoenas for records to non-parties, and other discovery in support of Plaintiffs' allegations that their rights had been violated by the Defendants;

h.  Preparing for, scheduling, and taking or defending 17 depositions of parties and nonparties;

i.  Researching, drafting, and arguing two motions for summary judgment, including several motions for reconsideration of this Court's rulings on same;

j.  Researching, drafting and arguing two oppositions to Defendants' motions for summary judgment, including motions for reconsideration of this Court's ruling on same;

6

k. Extensive trial preparation, including preparing 3 motions in limine, opposing 8 motions in limine filed by Defendants, preparing jury instructions and special verdict forms, and preparing several trial briefs concerning issues raised by Defendants and the Court. Due to trial continuances, Plaintiffs' counsel engaged in trial preparation on three separate occasions.

22. The parties also engaged in two pretrial mediation/settlement conferences

23. The total costs incurred by Plaintiffs in this case are $89,791.53. Plaintiffs paid $6,176.50 of those costs, with Plaintiffs' attorneys advancing $83,615.03.

24. Plaintiffs and their attorneys have agreed that the costs and fees will be deducted from the total gross settlement, with the allocation to be performed out of the net settlement. The Petitioner has reviewed the itemized costs, and agrees they have been incurred or paid, are reasonable, and resulted from counsels' representation regarding the incident.

25. The fee agreement between Petitioner and Plaintiffs' counsel specifies that Plaintiffs' counsel is to be paid a fee of 50% of any recovery, in addition to costs. In addition Plaintiffs and their counsel share equally any attorney's fees awarded by the Court. (50% to the Plaintiff's jointly, and 50% to the attorneys). This fee structure was made clear to all clients, including Petitioner, before they signed the fee agreements with Plaintiffs' counsel. It was because of counsels' litigation experience in these difficult civil rights cases that Plaintiffs retained these specific attorneys.

///

///

///

///

7

26.     Petitioner agrees to the proposal that the costs and fees be deducted from the total gross settlement, and requests that the Court approve of the following distribution of fees and costs:

| | |
|---|---|
| Gross Settlement | $750,000.00 |
| (Attorney's fees) | (375,000.00) |
| (Costs paid by counsel) | (  83,615.03) |
| **Net Settlement** | **$291,384.97** |

**Apportionment and Disposition of Balance of Proceeds**

27.     Pursuant to discussions between Plaintiffs Mark and Melissa Mann, Petitioner, Plaintiffs' counsel, and Marjorie Smith of Millennium Settlements, the following apportionment of the net settlement has been developed and approved by all concerned. Petitioner agrees to this proposal, and requests that the Court order that the net settlement be disbursed as follows:

a. $25,000.00 will be invested in a single-premium deferred annuity for the benefit of N.G.P.M., subject to withdrawal only on order of the court. The terms and conditions of the annuity are specified in Exhibit 1.

b. $25,000.00 will be invested in a single-premium deferred annuity for the benefit of M.N.A.M., subject to withdrawal only on order of the court. The terms and conditions of the annuity are specified in Exhibit 2.

c. $25,000.00 will be invested in a single-premium deferred annuity for the benefit of M.C.G.M., subject to withdrawal only on order of the court. The terms and conditions of the annuity are specified in Exhibit 3.

d. $25,000.00 will be invested in a single-premium deferred annuity for the benefit of N.E.H.M., subject to withdrawal only on order of the

court. The terms and conditions of the annuity are specified in Exhibit 4.

   e.  The remaining net settlement funds will be paid to Plaintiffs Mark and Melissa Mann.

   f.  The total payout to the Minor Plaintiffs pursuant to the terms of the annuities is $119,968.80.

28.    Petitioner believes this structure is fair and reasonable to the Minor Plaintiffs. Plaintiffs Mark and Melissa Mann were irreparably harmed when their children were wrongfully removed from their care and custody as a result of the actions of defendants Hernandez and Quadros. Plaintiffs Mark and Melissa Mann continue to experience emotional and mental stress as a result of Defendants' misconduct. By contrast, the Minor Plaintiffs were very young at the time of the incident, and remember very few details concerning it. There is no question but that Plaintiffs Mark and Melissa Mann incurred the majority of the harm as a result of Defendants' actions as to the removal and detention of their children.[1]   In addition, as a result of the structured settlements, the Minor Plaintiffs will be receiving a total of 119,968.80 as a result of the above allocation, which is similar in amount to that being allocated to their parents.

**Summary**

29.    Petitioner recommends the proposed distribution of the proceeds of the settlement with the individual County Defendants and as to the claims against the County other than the Polinsky Children's Center related claims to be fair, reasonable and in the best interest of the Minor Plaintiffs, and requests that the Court approve this proposed disposition.

30.    In summary, the proposed distribution of the settlement is as follows:

---

[1] The question of the harm done by the Defendant County with regard to the physical examinations of the children will be addressed when that portion of the case is resolved on appeal.

a. $25,000 made payable to BARCO Assignments, Ltd. to fund future periodic payments to N.G.P.M. as outlined in Exhibit 1. The total payout to N.G.P.M. pursuant to the terms of the annuity is $28,155.81.

b. $25,000 made payable to BARCO Assignments, Ltd. to fund future periodic payments to M.N.A.M. as outlined in Exhibit  2. The total payout to M.N.A.M. pursuant to the terms of the annuity is $30,604.33.

c. $25,000 made payable to BARCO Assignments, Ltd.  to fund future periodic payments to M.C.G.M. as outlined in Exhibit 3. The total payout to M.C.G.M. pursuant to the terms of the annuity is $30,604.33.

d. $25,000 made payable to BARCO Assignments, Ltd.  to fund future periodic payments to N.E.H.M. as outlined in Exhibit 4. The total payout to N.E.H.M. pursuant to the terms of the annuity is $30,604.33.

e. $375,000.00 in attorneys' fees, made payable to "The Law Office of Donnie R. Cox."

f. $83,615.03 in costs, made payable to "The Law Office of Donnie R. Cox."

g. The balance of 191,384.97, made payable to "The Law Office of Donnie R. Cox, Mark Mann and Melissa Mann."

DATED:  September 19, 2016          LAW OFFICE OF DONNIE R. COX

_/s/ Donnie R. Cox_____
DONNIE R. COX, Attorney for Plaintiffs

DATED:  September 19, 2016          _____
BRUCE R. PAUL
Guardian Ad Litem for Minor Plaintiffs