# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARK MANN; MELISSA MANN; N.G.P.M., a Minor; M,N.A.M., a Minor; M.C.G.M, a Minor; and N.E.H.M., a minor – by and through their Guardian ad litem, Bruce Paul,

        Plaintiffs,

    v.

COUNTY OF SAN DIEGO; SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; POLINSKY CHILDREN'S CENTER; ADREA E. CISNEROS; LISA J. QUADROS; ANGELA REDMOND; GILBERT FERRO; DEBBIE BAYLISS; LEELA JOSEPH; NANCY GRAFF, M.D.; NONI MATIONG; KELLY MONGE; SOPHIA SANCHEZ; SUSAN SOLIS; and Does 1 through 50, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 11cv0708-GPC(BGS)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

**[ECF No. 320]**

Before the Court is Plaintiffs' Motion for Attorneys' Fees. ECF No. 320. Defendant County of San Diego filed a response in opposition on March 3, 2017, and Plaintiffs filed a reply on March 20, 2017. ECF Nos. 334 & 339. For the following reasons, and based upon the moving papers and applicable law, the Court will **DENY** the Plaintiffs' motion **without prejudice**.

## LEGAL STANDARD

Section 1988 of Title 43 of the United States Code provides that:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

42 U.S.C. § 1988(b). "Plaintiff's may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 108 (1992). A civil rights plaintiff, as is the case here, who receives a nominal damage award under § 1983 is considered a prevailing party. *See id.* at 112; *see also Mahach-Watkins v. Depee*, 593 F.3d 1054, 1059 (9th Cir. 2010). However, because "a nominal damages award often accomplishes little beyond giving petitioners the moral satisfaction of knowing that a federal court concluded that their rights had been violated," district courts awarding fees after a judgment for only nominal damages "must point to some way in which the litigation succeeded, *in addition* to obtaining a judgment for nominal damage." *Mahach-Watkins,* 595 F.3d at 1059 (emphasis in original).

"Although the 'technical' nature of a nominal damages award . . . does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 103. "[T]he degree of the plaintiff's overall success goes to the reasonableness of the award . . . not to the availability of a fee award . . . ." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). The "most critical factor" to be assessed when determining whether an attorneys' fee award is reasonable is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The Supreme Court has observed that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Farrar*, 506 U.S. at 575. In the case of plaintiffs who only recover nominal damages, the Supreme Court has further cautioned that "[w]hen a plaintiff recovers only nominal damages because of his failure

to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.*

## ANALYSIS

Judgment was entered in this action on January 9, 2017 in accordance with the parties' Stipulation as to Damages (ECF No. 313). ECF No. 332. The joint Stipulation as to Damages stated that the parties agreed to award $1.00 in damages to Plaintiffs Mark Mann, Melissa Mann, N.G.P.M., M.N.A.N., M.C.G.M., and N.E.H.M on Plaintiffs' fifth cause of action brought under *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658 (1978) against the County of San Diego.[1] ECF No. 313. Accordingly, the Court must assess Plaintiffs' request for attorneys' fees in light of the fact that Plaintiffs achieved only nominal damages on the *Monell* claim.[2]

After the Court granted the parties' Stipulation as to Damages and entered judgment on the fifth cause of action in favor of Plaintiffs (ECF No. 315), Plaintiffs moved for an award of attorneys' fees. ECF No. 320. In it, Plaintiffs' counsel request that the Court award $2,710,171.00 in attorneys' fees for the time they expended on this litigation. Defendants have opposed Plaintiff's request, arguing that the fees should be reduced because Plaintiffs only achieved "partial success" on the fifth cause of action. ECF No. 334 at 16. For one, Defendants emphasize, Plaintiffs succeeded only in part on their summary judgment motion, thus limiting the scope of their victory. *Id.* And two, Defendants argue that Plaintiffs' success should be further discounted because it did not even effectuate "a change of County policies or practices" as any changes made to Defendant's policies were actually attributable to a separate civil action in *Swartwood v.*

---

[1] Plaintiffs' seven other causes of action against the County of San Diego were dismissed with prejudice by an order granting the parties' Joint Motion to Dismiss. ECF No. 312.

[2] The Court understands that the Notice of Settlement filed by the parties specifically states that "Defendants will not cite nominal damages as a ground that these [attorneys'] fees . . . should be denied, diminished or reduced, or otherwise taxed." ECF No. 305. The Court observes, however, that any agreement between the parties regarding the effect of nominal damages does not, in any way, affect the Court's discretion to award fees only when reasonable and the Court's duty to follow relevant precedent concerning the exercise of that discretion. *See* 42 U.S.C. § 1988(b) ("the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs").

*County of San Diego*, Case No. 12cv1665-W(BGS).  *Id.* at 17; David Brodie Decl. ¶¶ 2-6, Dkt. No. 334-1 at 2-4.  Plaintiffs, in turn, argue that they have achieved all, not some, of their objectives because they (1) obtained a monetary settlement from the individual social workers who were sued along with the County of San Diego; (2) successfully removed Mark Mann's name from the Child Abuse Central Index; and (3) obtained a judgment on the *Monell* claim whereby the Court held that the County of San Diego violated the constitutional rights of Plaintiffs.  ECF No. 339, Dkt. No. 7-8.

The parties' positions on the "degree of success" obtained by this lawsuit differ substantially.  In fact, soon after this Court approved the parties' Stipulation as to Damages on November 3, 2016, both parties appealed this Court's summary judgment order on the *Monell* claim, along with a number of other orders.  *See* Dkt. Nos. 315 & 322.  Given that both parties have appealed this Court's decision to the Ninth Circuit, the Court finds it premature, at this juncture, to address the reasonableness of the fees requested by Plaintiffs.  The "most critical factor" to be assessed when determining whether an attorneys' fee award is reasonable is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. at 436.  Here, however, the degree of success obtained by Plaintiffs' lawsuit is uncertain as the Court's judgment in favor of Plaintiffs is currently on appeal in the Ninth Circuit.  Accordingly, the Court concludes that it would be premature to make findings of fact concerning the degree of success obtained by Plaintiffs' lawsuit before the Ninth Circuit has ruled on appeal.  Once the Ninth Circuit issues a decision, the Court will be in a better position to make conclusions concerning the success obtained by Plaintiffs, which in turn, will directly inform the Court's assessment of the reasonableness of the attorneys' fees requested.

The Court, therefore, **DENIES** Plaintiffs' motion for attorneys' fees **without prejudice** subject to being refiled after the resolution of the parties' appeal.  *See* Fed. R. Civ. P. 54(d)(2)(B) advisory committee's notes ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for

filing after the appeal has been resolved."). Once the appeal is resolved, Plaintiffs will have fourteen (14) days after the entry of judgment to file a renewed request for attorneys' fees. At that time, the Court will set a new hearing date for Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: April 6, 2017

Hon. Gonzalo P. Curiel
United States District Judge