# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark MANN, et al., <br> Plaintiffs, <br> v. <br> COUNTY OF SAN DIEGO, et al., <br> Defendants. | Case No.: 11-cv-0708-GPC-AGS <br><br> **REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF No. 370)** |

Petitioner Bruce Paul, Court-appointed guardian *ad litem* for minor plaintiffs N.G.P.M., M.N.A.M., M.C.G.M., and N.E.H.M., seeks an order approving a proposed settlement of the minors' claims against all defendants. Because the settlement serves the minors' best interests, the Court recommends that the motion be granted.

## BACKGROUND

This suit arises from allegations that defendants, San Diego County and County social workers, wrongfully removed the minor plaintiffs from the care, custody, and control of their parents. (ECF No. 370, at 2.) The minor plaintiffs were then taken to a County shelter care facility and subjected to medical examinations without the presence, notice, or consent of their parents. Petitioner does not represent that any minor required medical treatment as a result, nor did they seek special damages for psychological treatment. (*See id.* at 2-3.) According to petitioner, the minors remember very few details about the

incident, and their parents incurred most of the harm. (*Id.* at 9.)

In September 2016, plaintiffs and defendants reached a settlement on some claims; that settlement was approved by Judge Curiel on September 26, 2016. (ECF No. 370, at 3-4.) On December 12, 2019, the parties reached a settlement as to the remaining claims. (*Id.* at 5.) Plaintiffs' unopposed Motion to Confirm the Minors' Compromise provides that the four minor children will each receive $50,000, made payable to Pacific Life & Annuity Services, Inc., to fund future periodic payments. (ECF No. 370, at 10.) These payments start when each minor turns 18. (*See* ECF No. 370-2, at 2; ECF No. 370-3, at 2; ECF No. 370-4, at 2; ECF No. 370-5, at 2.) The total payout to each minor plaintiff will be:

1. N.G.P.M. - $65,946.28
2. M.N.A.M. - $71,859.21
3. M.C.G.M. - $71,859.21
4. N.E.H.M. - $71,859.21

(ECF No. 370, at 8-9.)

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

Having reviewed the complaint and the parties' briefing, the Court is intimately familiar with this case's facts and legal issues. With that experience in mind, the Court

recognizes that litigation is always uncertain and concludes that the proposed settlement is fair, reasonable, and in the minors' best interests.

Moreover, the minors' recovery in this case is reasonable in light of those approved in similar cases. *See, e.g.*, *B.R. v. Cty. of Orange*, No. 8:15-cv-00626-CJC-PJW, ECF No. 84, at 2 (C.D. Cal. Mar. 30, 2018) (approving $50,000 settlement for minor who was removed from mother's custody without cause, but suffered no injury); *Bruno v. Cty. of Los Angeles*, No. SACV 17-01301-CJC(JEx), ECF No. 71, at 4, 8 (C.D. Cal. July 18, 2019) (approving a settlement of $60,000 per minor for minors who were removed from their parents' custody and subjected to medical examinations and vaccinations without a warrant or parental consent); *Xoss v. Cty. of Los Angeles*, No. 2:12-cv-1400-PSG-RZ, ECF No. 150, at 2 (C.D. Cal. Dec. 1, 2014) (approving total settlement of $122,959.80 for two minors who were removed from their parents' custody without a warrant).

Accordingly, the Court recommends:

1. The motion to approve the settlement be **GRANTED**.
2. The compromise and settlement of the claims of the minors N.G.P.M., M.N.A.M., M.C.G.M., and N.E.H.M. be approved as fair and reasonable and in the best interests of the minor plaintiffs.

Any objections to this report and recommendation are due by March 10, 2020. *See* 28 U.S.C. § 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: February 25, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge