# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARK MANN; MELISSA MANN; N.G.P.M., a minor; M.N.A.M. a minor; M.C.G.M. a minor; and N.E.H.M. a minor by and through their Guardian Ad Litem, BRUCE PAUL

　　　　Plaintiffs,

　　v.

COUNTY OF SAN DIEGO; et al,

　　　　Defendants.

Case No. 11CV0708 GPC (BGS)

**ORDER FOR MINORS' INTEREST IN SETTLEMENT OF ACTION**

**[ECF No. 370]**

Judge　　: Hon. Gonzalo P. Curiel
Magistrate: Hon. Bernard G. Skomal

On January 28, 2020, the parties filed a Petition for Approval of Minor's Interest in Settlement of Action (the "Petition"). ECF No. 370. On February 10, 2020, Defendant County of San Diego filed a response indicating their non-opposition to the Petition. ECF No. 373. On February 25, 2020, the magistrate filed a Report and Recommendation ("R&R") approving the settlement as to the

1

payments to each of the four minor children. ECF No. 374. On February 25, 2020, Defendant filed a response to the R&R indicating that it had no objections.

## BACKGROUND

This lawsuit arises from allegations that Defendants San Diego County and County social workers wrongfully removed the minor Plaintiffs from the care, custody, and control of their parents. ECF No. 370 at 2. The Petitioner, as guardian ad litem on behalf of the minor Plaintiffs, alleged that the minor Plaintiffs were taken to a County shelter care facility and subjected to medical examinations without the presence, notice, or consent of their parents. *Id.* Petitioner does not represent that any minor required medical treatment as a result, nor did they seek special damages for psychological treatment. *Id.* at 2-3.

On September 26, 2016, the Court approves the parties' settlement as to some claims. ECF No. 309. On Decembr 12, 2019, the parties reached a settlement on the remaining claims. ECF No. 370 at 5.

## DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*").

/ / /

/ / /

2

3:11cv0708GPC(BGS)

**A. Gross Settlement**

In considering the fairness of a minor's state law settlement, "federal courts generally require that claims by minors . . . be settled in accordance with applicable state law." *See* O'Connell & Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2017). In addition, the Ninth Circuit's decision in *Robidoux* set forth guidelines for determining the reasonableness of a minor's settlement of federal claims. 638 F.3d at 1181-82. The *Robidoux* court, which limited its holding to federal law settlements, held that district courts are to "limit the scope of their review" of settlements involving minor plaintiffs "to the question of whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, [1] in light of the facts of the case, [2] the minor's specific claim, and [3] recovery in similar cases." 638 F.3d at 1179, 1181-82 (brackets added).

Plaintiffs' unopposed Petition provides that the four minor children will each receive $50,000, made payable to Pacific Life & Annuity Services, Inc., to fund future periodic payments. ECF No. 37 at 10. Having considered the Petition, the R&R, and all supporting papers and evidence and good cause appearing, the Court APPROVES and GRANTS the Petition (ECF No. 370) with respect to the payments to each minor plaintiff in accordance with the following:

1. N.G.P.M. - $65,946.28
2. M.N.A.M. - $71,859.21
3. M.C.G.M. - $71,859.21
4. N.E.H.M. - $71,859.21

ECF No. 370 at 8-9.

**B. Attorney's Fees**

In California, courts are required to approve the attorneys' fees to be paid for representation of a minor. See CAL. PROB. CODE § 2601. Attorney's fees and costs are typically controlled by statute, local rule, or local custom. Generally, fees

3

in minors' cases historically have been limited to twenty-five percent (25%) of the gross recovery. *Napier by & through Quiroz v. San Diego Cty.*, No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017). To determine whether the fee is reasonable, courts consider a myriad of factors including the amount of the fee in proportion to the value of the services performed; the novelty and difficulty of the questions involved and skills required; the amount involved and the results obtained; and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b).

Here, Petitioner and Plaintiffs' counsel seek $900,000.00 in attorney's fees, a sum that represents fifty percent (50%) of the $1,800,000.00 gross settlement. ECF No. 370 at 8. The Plaintiffs' attorneys incurred $13,025.34 in costs. Plaintiffs' attorneys advanced all of these costs. Plaintiffs and their attorneys have agreed that the fees will be deducted from the total gross settlement, with the allocated costs to tbe paid by Plaintiffs from the portion of the remainder. Under this agreement, the net settlement is a total of $886,974.66.

In consideration of the duration of this case, the amount of work performed by Plaintiffs' counsel, the results obtained, and the complexity of the issues, the amount of attorney's fees sought in this case is fair and reasonable.

## CONCLUSION

Accordingly, given the nature of the harm, the costs of trial, and the settlement amounts in similar cases, the Court concludes that the settlement amount is fair, reasonable, and in the best interest of the Minor Plaintiffs. As a result, the Court **ADOPTS** the R&R, **GRANTS** the Petition to Approve the Minors' Compromise, and **ORDERS**

1. **$200,000** of the settlement reached with the County of San Diego will be used to fund annuities for the benefit of the Minor Plaintiffs. Said amount will be made payable to Pacific Life & Annuity Services, Inc. to fund

4

3:11cv0708GPC(BGS)

future periodic payments as outlined below, holding a total value of **$281,523.9**1:

   a. **N.G.P.M. (Payee):** $50,000 made payable to Pacific Life & Annuity Services, Inc. to fund future periodic payments to N.G.P.M. as outlined in Exhibit 1. The total payout to N.G.P.M. pursuant to the terms of the annuity is $**65,946.28**.

   b. **M.N.A.M (Payee):** $50,000 made payable to Pacific Life & Annuity Services, Inc. to fund future periodic payments to M.N.A.M. as outlined in Exhibit 2. The total payout to M.N.A.M. pursuant to the terms of the annuity is $**71,859.21**.

   c. **M.C.G.M. (Payee):** $50,000 made payable to Pacific Life & Annuity Services, Inc. to fund future periodic payments to M.C.G.M. as outlined in Exhibit 3. The total payout to M.C.G.M. pursuant to the terms of the annuity is $**71,859.21.**

   d. **N.E.H.M.(Payee):** $50,000 made payable to Pacific Life & Annuity Services, Inc. to fund future periodic payments to N.E.H.M. as outlined in Exhibit 4. The total payout to N.E.H.M. pursuant to the terms of the annuity is $**71,859.21**.

2. Defendant's obligation to make the periodic payments described herein shall be assigned to Pacific Life & Annuity Services, Inc. through a Qualified Assignment and funded by an annuity contract issued by Pacific Life Insurance Company, rated A+XV by A.M. Best Co. To fund the periodic payments, Defendant will issue a check in the amount of $200,000.00 payable to Pacific Life & Annuity Services, Inc. and execute the Qualified Assignment and Release.

3. Said monies distributed to Plaintiffs N.G.P.M., a minor; M.N.A.M. a minor; M.C.G.M. a minor; and N.E.H.M. represented by their guardian ad litem, Bruce Paul, are not to be withdrawn until disbursed in accordance

with the payment schedule set forth as Exhibits 1-4 to the Petition (ECF No. 370) filed in this matter.

4. Unless otherwise ordered by the Court, said monies distributed to Plaintiffs N.G.P.M., a minor; M.N.A.M. a minor; M.C.G.M. a minor; and N.E.H.M. represented by their guardian ad litem, Bruce Paul, are not to be used for the minors' necessities of life while they are minors.

5. The balance of the settlement funds from the settlement with the County of San Diego will be disbursed as follows:

    a. $900,000.00 in attorneys' fees, made payable to "The Law Office of Donnie R. Cox."

    b. $13,025.34 in costs, made payable to "The Law Office of Donnie R. Cox."

    c. The **balance of $886,974.66**, made payable to "The Law Office of Donnie R. Cox, Mark Mann and Melissa Mann."

**IT IS SO ORDERED AND ADJUDGED.**

Dated: February 26, 2020

Hon. Gonzalo P. Curiel
United States District Judge